## W. C. FRAKER v. W. C. LITTLE, *as Receiver, &c.*

ALTERATION OF NOTE —*Payment in Ignorance Thereof; Recovery.* Plaintiff was an accommodation maker of a note discounted and owned by the First national bank of Wichita. While in the possession of the bank it was so materially altered by the officers of the bank, and without his knowledge or consent, as to render the paper void. Nevertheless, it being presented to him for payment, he, in ignorance of the alteration and without any critical examination to see that there had been no alteration, took it up, giving therefor certain money due by the bank to him, and four new notes to make up the difference. *Held,* That he might recover from the bank the money thus given to it, as money paid by mistake of fact, it appearing that there has been no change in the circumstances of the bank which would render it inequitable and unjust to refund it.

*Error from Sedgwick District Court.*

ACTION brought by *Fraker* against *Little,* as receiver of the First national bank of Wichita, for the recovery of money. The facts are stated in the opinion, *infra,* and in *Fraker v. Cullum,* 21 Kas. 556, 557. Trial at the December Term, 1879, of the district court, and judgment against Fraker, who brings the case here.

*H. G. Ruggles,* and *O. H. Bentley,* for plaintiff in error.

*Sluss & Hatton,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This action grows out of the facts which are stated in the opinion in the case of *Fraker v. Cullum,* 21 Kas. 555, and is for the recovery of about $1,800 due from the bank to plaintiff, and which was given up at the time of the execution of the notes in controversy in that case. The transaction appears now as it did then, and the single question is, as to the right to recover this money as money paid under a mistake of fact. Beyond question, the original note of $4,862.40 was so altered while in the possession of the bank as to be void. Plaintiff being but an accommodation maker, there was no antecedent indebtedness of his to the bank.

For this void and worthless paper he surrendered to the bank $1,800, or thereabouts, which the bank owed him, and executed new notes to make up the difference. What consideration was there for this? Absolutely nothing. The bank, having no claim upon him, could recover nothing. Yet, ignorant of the real facts, and supposing himself liable, he thus gave up his money and signed the new notes. His ignorance of the alteration clearly appears. It was done by the officers of the bank without his knowledge and consent, and for the sake of imposing upon the official bank examiner. Nor can it be said that he was guilty of more than slight, if of any, negligence in not critically examining the old note at the time of its surrender, and detecting the alteration. The party who brought the paper to him was the president of the bank, his own brother, a reputable business man. Why should he suspect fraud, or act as though he supposed there was a design to swindle him? How natural that he should accept the statement of the president that the paper was unpaid, and perhaps glancing at his own signature to see that that was genuine, do the best he could towards settling his supposed liability to the bank. But supposing he were negligent in the matter: how does his negligence give the bank any better right to his money? Does mere negligence bar a recovery of money paid by mistake? Clearly not. In 2 Daniel on Negotiable Instruments, (2d ed.,) § 1369, the author says: "It is a general principle of law, that money paid under a mistake of fact may be recovered back. And now the doctrine is favored that even negligence in making the mistake is no bar to recovery." In the case of *National Bank of Commerce v. National M. B. A.*, 55 N. Y. 211, the court thus states the law: "It is now settled, both in England and in this state, that money paid under a mistake of fact may be recovered back, however negligent the party paying may have been in making the mistake, unless the payment has caused such a change in the position of the other party that it would be unjust to require him to refund." (See also *Law-*

*rence v. Am. Nat. Bank*, 54 N. Y. 435.) It is unnecessary to pursue this matter further.

The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.