THE STATE OF NEBRASKA, EX REL. D. F. OSGOOD, V. JAMES F. KINZER.

THE STATE OF NERRASKA, EX REL. SAMUEL LICHTY, V. M. W. MUSSELMAN ET AL.

1.  **Township Organization.** The question of adopting township organization was submitted to the legal voters of R. county at the general election in 1883, and was adopted by a majority of the legal voters of said county voting at said election, but no organization of the board of supervisors has yet taken place. *Held,* That township organization is in force in R. county, to be complete upon the organization of the board of supervisors as provided by law.

2.  ———: DISCONTINUANCE. An election to discontinue township organization, unless authorized by statute, is of no avail, and votes cast thereat are nullities.

3.  ———: CHANGE OF COUNTY GOVERNMENT. In a county which has adopted township organization, the board of county commissioners continue to act until the board of supervisors has met and organized.

ORIGINAL actions in *quo warranto* and *mandamus.*

*John Saxon, Isham Reavis,* and *E. W. Thomas,* for relators.

*Frank Martin,* for respondents.

MAXWELL, CH. J.

Both of these cases involve the question of township or-·
ganization in Richardson county, and may be considered
together. It appears from the record that township or-
ganization was adopted in said county by a majority of the
legal voters voting at the general election in 1883; that
township officers were not generally elected at that time,
and no attempt was made to organize the board of super-
visors; that in the year 1884 the question of discontinuing
township organization was submitted to the electors of said
county at the general election and was adopted by a small
·majority. Since that time supervisors have not generally
been elected in the several townships, and there is now no
full board, the business of the county during all the time
since the adoption of township organization having been
conducted by county commissioners.

The first question presented is whether or not township
organization is now in force in Richardson county.

Section 2 of the act relating to township organization
[Comp. Stat., Ch. 18, Art. IV.], provides that: "The
county commissioners, on petition of fifty or more legal
voters, shall cause to be submitted to the voters of the
county the question of township organization under this
act, by ballot, to be written or printed, or partly written
or partly printed, 'For township organization' or 'Against
township organization,' the votes to be canvassed and re-
turned in the same manner as votes for county officers."

Sec. 3 provides that: "If it shall appear by the returns of

said election that a majority of the legal voters voting at
said election are for township organization, then the county
so voting for its adoption shall be governed by and sub-
ject to the provisions of this act on and after the first day
of the meeting of the county supervisors as hereinafter
provided."

Sec. 5 provides that: "In case a majority of the legal
votes cast at said election shall be 'for township organiza-
tion,' and the electors have chosen supervisors in a ma-
jority of the precincts of the county, as provided in the
preceding section, there shall be held a special meeting of
the newly elected county board, commencing on the fifteenth
day after such election, at the county seat, and when such
board shall have *met and organized,* the power of the county
commissioners of such county shall cease and their offices
become vacant. *    *    *    *    *    *    In case of fail-
ure to elect proper town officers at said election, then such
county shall not be governed by this act until the first
Tuesday in January following the next general election
after the adoption of township organization," etc.

There are other provisions in the statute to which it is un-
necessary to refer.

It being conceded that a majority of the legal voters of
said county, voting at the general election in 1883, voted
for township organization, the proposition was adopted, and
township organization is now in force in Richardson county
unless it was discontinued by the vote of 1884.

2.    It is admitted that there was no authority under the
statute for the election of 1884, discontinuing township
organization.    An election to be valid must be authorized
by statute.    If it is not, votes cast thereat are simply nul-
lities.    Opinion of the Judges 7 Mass., 525.    Same, 15 Id.,
537.    Cooley Const. Lim., 603.    *State v. Young,* 4 Iowa,
561.    *Barry v. Lanch,* 5 Cold., 588.    Dillon on Mun.
Corp., § 136.    The election for the purpose of discontin-
uing township organization, being held without author-

ity of law, was a nullity, and township organization is now in force in Richardson county.

3.   At what time will township government supersede that of the county commissioners?   It will be seen that the statute provides that when supervisors have been chosen in a majority of the precincts of the county, they shall hold a special meeting, commencing on the 15th day after the election; and when such board shall have met and organized, the power of the county commissioners shall cease; but in case of the failure to elect the proper town officers at such election, then the county shall not be governed by the township organization law until the first Tuesday in January following the election.   In case of the failure to organize under the township organization law at either of the times stated, there is no provision that township organization shall thereupon lapse, or be affected in any manner, except that the county commissioners shall continue to exercise their duties until the organzation of the board of supervisors.   The board of commissioners of Richardson county, therefore, is the legal tribunal for the transaction of the county business of said county, and will continue to be such until superseded by a board of supervisors.   As such supervisors may be elected at the general election in November next, and the relief which the plaintiffs seek be obtained by such election, we will make no order in the premises.

The actions are hereby dismissed.

JUDGMENT ACCORDINGLY.

The other judges concur.