DOUGLAS COUNTY V. CHARLES B. KELLER ET AL.

FILED FEBRUARY 5, 1895.    No. 6888.

43   635
48   304
s48  317
43   635
50   128
50   139
50   629
51   814
54   101
43   635
f59  708

1. **Counties**: SALE OF PUBLIC GROUNDS: CONSTRUCTION OF STATUTES.    The provision of section 24, chapter 18, Compiled Statutes, that county boards shall not sell the public grounds of any county without having first submitted the question to the electors thereof, is mandatory and an express limitation upon the powers of the several counties.

2. —— : ——.    A sale of the public property of a county made without the consent of a majority of the electors voting at an election authorized by law, is a nullity and passes no title to the purchaser.

3. **Proceedings of Public Bodies**: COUNTIES.    There is no principle more firmly established or resting on sounder reasons than the rule which requires public bodies when acting under special powers to act strictly within the conditions prescribed.

4. **Counties:** OFFICERS: RATIFICATION OF UNAUTHORIZED ACTS. There is no authority in this state for the submission to the electors of a county of a proposition to ratify the unauthorized acts of its officers.

5. ——— : INVALID SALE OF PUBLIC PROPERTY: ACTION TO RECOVER: PURCHASE PRICE: NOTICE. Where a county board offers for sale the public property of the county, claiming as authority for such action the consent of a majority of the electors expressed at a general election, a purchaser at such sale. in an action to recover the price paid (the sale having been adjudged void for want of authority), will not be chargeable with constructive notice of the fact that the proposition to sell was in fact defeated.

6. **Payment:** ACTION TO RECOVER: DEFENSE. In order to defeat an action for the recovery of money voluntarily paid under a mistake of fact, it is not sufficient that the plaintiff might have known the facts had he availed himself of all the means of knowledge at his command.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

A statement of the case appears in the opinion.

*J. L. Kaley, County Attorney,* and *W. W. Slabaugh, Deputy County Attorney,* for plaintiff in error:

The county board, in determining that the proposition submitted at the election had carried, acted judicially. Their act in that respect became *res judicata,* and the county is thereby estopped from denying the title of the plaintiffs below to the land in question; and by reason of such estoppel the plaintiffs below, having acquired a perfect title, cannot recover back the purchase money. (*Lynde v. Winnebago County,* 16 Wall. [U. S.], 6; *Commissioners of Knox County, Indiana, v. Aspinwall,* 21 How. [U. S.], 539; *Bissell v. City of Jeffersonville,* 24 How. [U. S.], 287; *Van Hostrup v. Madison City,* 1 Wall. [U. S.], 291; *Woods v. Lawrence County,* 1 Black [U. S.], 386; *Moran v. Commissioners Miama County,* 2 Black [U. S.], 722;

*Town of Coloma v. Eaves*, 92 U. S., 484; *State v. Anderson*, 26 Neb., 517; *McCracken v. City of San Francisco*, 16 Cal., 591.)

If the acts of the commissioners in selling the land were illegal for want of authority, the county has since fully ratified their acts in such a way as to give a perfect title to the plaintiffs. (*Brown v. Town of Winterport*, 79 Me., 305; *Moore v. City of Albany*, 98 N. Y., 376; *Albany City Bank v. City of Albany*, 92 N. Y., 363; *Cory v. Freeholders of Somerset*, 44 N. J. Law, 445; *People v. Swift*, 31 Cal., 26; *Sullivan v. School District*, 39 Kan., 347; *Mills v. Gleason*, 11 Wis., 493; *Zottman v. City of San Francisco*, 20 Cal., 97; *Smith v. Stevens*, 10 Wall. [U. S.], 321; *Dill v. Wareham*, 7 Met. [Mass.], 438; *McCracken v. City of San Francisco*, 16 Cal., 591; *Grogan v. City of San Francisco*, 18 Cal., 590; *Pimental v. City of San Francisco*, 21 Cal., 363; *Herzo v. City of San Francisco*, 33 Cal., 134.)

A voluntary payment cannot be recovered back. A mistake of fact such as excuses voluntary payment must be pleaded. (*Renfrew v. Willis*, 33 Neb., 98; *Evans v. Hughes County*, 52 N. W. Rep. [S. Dak.], 1062; 1 Parsons, Contracts, 466; Bishop, Contracts, sec. 615; *Kraft v. City of Keokuk*, 14 Ia., 86; *Mays v. City of Cincinnati*, 1 O. St., 268; *Brumagim v. Tillinghast*, 18 Cal., 269; *Johnson v. McGinness*, 1 Ore., 293; *Painter v. Polk County*, 81 Ia., 242; *City of Houston v. Feeser*, 76 Tex., 365; *De Graff v. County of Ramsey*, 46 Minn., 319; *Valley R. Co. v. Lake Erie Iron Co.*, 46 O. St., 44; *Inhabitants of Livermore v. Inhabitants of Peru*, 55 Me., 469; *Clarke v. Dutcher*, 9 Cow. [N. Y.], 673; *Bank of United States v. Daniel*, 12 Pet. [U. S.], 32; *Real Estate Saving Institution v. Linder*, 74 Pa. St., 371; *Snelson v. State*, 16 Ind., 29; *Erkens v. Nicolin*, 39 Minn., 461; *Mosher v. School District*, 44 Ia., 122; *Murphy v. City of Louisville*, 9 Bush [Ky.], 189; *Johnson v. Common Council, City of Indian-*

*apolis*, 16 Ind., 227; *Bilbie v. Lumley*, 2 East [Eng.], 469; *Brisbane v. Dacres*, 5 Taunt. [Eng.], 144; *Hubbard v. Martin*, 8 Yerg. [Tenn.], 498; *Worley v. Moore*, 77 Ind., 567; *Boon v. Miller*, 16 Mo., 457; *Gregory v. Pilkington*, 39 Eng. L. & Eq., 316; *Hathaway v. Hagan*, 59 Vt., 75; *Renfrew v. Willis*, 33 Neb., 98.)

Money paid under mistake of law cannot be recovered back where both parties knew the facts and the transaction was unaffected by fraud, undue advantage, trust, or confidence. (*Erkens v. Nicolin*, 39 Minn., 461; *Evans v. Hughes County*, 52 N. W. Rep. [S. Dak.], 1062.)

Money paid under mistake of fact which payor had means of knowing cannot be recovered back. (*Union Savings Association v. Kehlor*, 7 Mo. App., 158; *Neal v. Read*, 7 Bax. [Tenn.], 333; *Gooding v. Morgan*, 37 Me., 419; *Wood v. Patterson*, 4 Md. Ch. Dec., 335; *Warner v. Daniels*, 1 Wood & M. [U. S.], 90; *Scott v. Frink*, 53 Barb. [N. Y.], 533; 18 Am. & Eng. Ency. Law, 214, 223, 229; *Regan v. Baldwin*, 126 Mass., 485; Kerr, Fraud & Mistake, 415; *Wallace v. Mayor of San Jose*, 29 Cal., 181; *Brady v. Mayor of New York*, 2 Bosw. [N. Y.], 173; *Swift v. City of Williamsburgh*, 24 Barb. [N. Y.], 427.)

Money paid under no mistake of fact, or where a party has no means of knowledge, cannot be recovered back. (*State v. Swift*, 69 Ind., 505; *Union Savings Association v. Kehlor*, 7 Mo. App., 158; *Neal v. Read*, 7 Bax. [Tenn.], 33; *Gooding v. Morgan*, 37 Mo., 419; *Wood v. Patterson*, 4 Md. Ch. Dec., 335; *Clark v. City of Des Moines*, 19 Ia., 200; *Brady v. Mayor of New York*, 2 Bosw. [N. Y.], 173; *Appleby v. Mayor of New York*, 15 How. Pr. [N. Y.], 428; *Clarke v. Dutcher*, 9 Cow. [N. Y.], 673; *Supervisors of Onondaga v. Briggs*, 2 Denio [N. Y.], 26; *Wilde v. Baker*, 14 Allen [Mass.], 349; *State v. Swift*, 69 Ind., 505; *Urmston v. State*, 73 Ind., 175; *Brown v. Piper*, 91 U. S., 37; 12 Am. & Eng. Ency. Law, 151.)

Money received by the county and expended by it can-

not be recovered · back. (*Turner v. Cruzen*, 70 Ia., 205;
*Hall v. County of Los Angeles*, 74 Cal., 502.)

*H. H. Baldrige*, also for plaintiff in error.

*Charles B. Keller* and *George W. Doane, contra*, cited,
as to the validity of the sale and questions of title and
estoppel : *State v. Anderson*, 26 Neb., 521; *State v. Lan-
caster County*, 6 Neb., 481; *State v. Babcock*, 17 Neb., 188,
25 Neb., 503 ; *State v. Bechel*, 22 Neb., 158 ; *State v. Ben-
ton*, 29 Neb., 460; *Zottman v. City of San Francisco*, 20
Cal., 102; *Mayor of Baltimore v. Porter*, 18 Md., 301 ;
*Smith v. Stevens*, 10 Wall. [U.S.], 326; *Still v. Trustees of
Lansingburgh*, 16 Barb. [N. Y.], 107; *Hurford v. City of
Omaha*, 4 Neb., 350; *Ferry v. King County*, 26 Pac. Rep.
[Wash.], 537 ; *Woods v. North*, 6 Humph. [Tenn.], 312 ;
*Mulligan v. Smith*, 59 Cal., 208; Bigelow, Estoppel [4th
ed.], p. 532; *Heidelberg v. St. Francois County*, 100 Mo.,
70; *Leitensdorfer v. Delphy*, 15 Mo., 168 ; *Thomas v. Brown-
ville, Fort K. & P. R. Co.*, 1 McCreary [U. S.], 392; *City
of Charlestown v. County Commisoners of Middlesex*, 109
Mass., 270 ; *Brooke v. Haymes*, L. R., 6 Eq. [Eng.], 25 ;
Pomeroy, Equity Jurisprudence, 803 ; *Candler v. Lunsford*,
4 Dev. & B. [N. Car.], 407 ; · *Taylor v. Shufford*, 4 Hawks
[N. Car.], 116 ; *People v. Brown*, 67 Ill., 435; *General
Finance, Mortgage & Discount Co. v. Liberator Permanent
Benefit Building Society*, 10 Ch. Div. [Eng.], 15 ; *Winlock
v. Hardy*, 4 Litt. [Ky.], 272; *Gardner v. Greene*, 5 R. I.,
104.

The attempted ratification was ineffectual.   The election
was without authority of statute.   The sales and con-
veyances are void and incapable of ratification. (*State v.
Musselman*, 20 Neb., 176; *Sawyer v. Haydon*, 1 Nev., 75;
*State v. Collins*, 2 Nev., 351; *McKune v. Weller*, 11 Cal.,
49; *People v. Martin*, 12 Cal., 409; McCrary, Elections,
112–118; *State v. Jenkins*, 43 Mo., 261; 6 Am. & Eng.

Ency. Law, p. 293; *State v. Sims*, 18 S. Car., 460; *Commonwealth v. Baxter*, 35 Pa. St., 263; *Satterlee v. City of San Francisco*, 23 Cal., 314; *Dickey v. Hurlbut*, 5 Cal., 343; *People v. Porter*, 6 Cal., 27; *People v. Church*, 6 Cal., 76; *People v. Johnston*, 6 Cal., 674; *Toney v. Harris*, 85 Ky., 479; 1 Dillon, Municipal Corporations, sec. 465; *Hallenbeck v. Hahn*, 2 Neb., 397; *State v. Lincoln County*, 18 Neb., 283; *Sioux City & P. R. Co. v. Washington County*, 3 Neb., 42; *Saxon v. Kelley*, 3 Neb., 107; *People v. Commissioners of Buffalo County*, 4 Neb., 157; *Mayor of Baltimore v. Porter*, 18 Md., 301; *Robinson v. Mathwick*, 5 Neb., 255; *McPherson v. Foster*, 43 Ia., 48; Kent's Commentaries, p. 126; *Reynish v. Martin*, 3 Atk. [Eng.], 330; *Nevius v. Gourley*, 95 Ill., 213; *Reilly v. City of Philadelphia*, 60 Pa. St., 467; *Selden v. Pringle*, 17 Barb. [N. Y.], 458; *Nash v. City of St. Paul*, 11 Minn., 110; 4 Wait, Actions & Defenses, p. 233; *Doughty v. Hope*, 3 Denio [N. Y.], 599; *Board of Supervisors of Jefferson County v. Arrighi*, 54 Miss., 668; *Paul v. City of Kenosha*, 22 Wis., 266; Cooley, Constitutional Limitations, p. 362; *Page v. Belvin*, 14 S. E. Rep. [Va.], 843; *Williar v. Baltimore Butchers Loan Annuity Association*, 45 Md., 560.)

Counsel for defendants in error, in reply to the contention of plaintiff in error that the plaintiffs below cannot recover for the reason the money was voluntarily paid under mistake of law and that the county has not received or appropriated the money of plaintiffs below, cited: *Claflin v. Godfrey*, 21 Pick. [Mass.], 6; Wait, Actions & Defenses, p. 466; *Whedon v. Olds*, 20 Wend. [N. Y.], 176; 15 Am. & Eng. Ency. Law, p. 677, note 1, and cases cited; *Northrop's Executors v. Graves*, 19 Conn., 547; *Gratz v. Redd*, 4 B. Mon. [Ky.], 190; *Ray v. Bank of Kentucky*, 3 B. Mon. [Ky.], 514; *Bize v. Dickason*, 1 Term Rep. [Eng.], 285; *Lansdown v. Lansdown*, Moseley's Rep. [Eng.], 364; *Lowndes v. Chisholm*, 2 McCord [S. Car.], 455; 1 Bishop, Criminal Law, 297; *Jones v.*

*Randall,* Cowp. [Eng.], 40; *Williams v. Bartholomew,*
1 B. & P. [Eng.], 326; *King v. Doolittle,* 1 Head [Tenn.],
85; *Hurd v. Hall,* 12 Wis., 112; *State v. Paup,* 13 Ark.,
139; *Lawrence v. Beaubien,* 2 Bailey [S. Car. Law], 623;
*Mayer v. Mayor of New York,* 63 N. Y., 455; *Goodnow
v. Litchfield,* 63 Ia., 282; *Goodnow v. Moulton,* 51 Ia.,
555; *Billings v. McCoy,* 5 Neb., 190; *Champlin v. Laytin,*
6 Paige [N. Y.], 203; *Parham v. Randolph,* 4 How.
[Miss.], 435; *Evans v. Forstall,* 58 Miss., 30; *Kiefer v.
Rogers,* 19 Minn., 32; *Mead v. Bunn,* 32 N. Y., 277;
*Campbell v. Frankem.* 65 Ind., 591; *Barnard v. Campau,*
29 Mich., 162; *Tillman v. Cowand,* 12 Sm. & M. [Miss.],
262; *Wood v. Cochrane,* 39 Vt., 544; *Town of Cameron
v. Stephenson,* 69 Mo., 373; *Mulligan v. Smith,* 59 Cal.,
238; *Taylor v. Wilson,* 17 Neb., 88; *Kelly v. Solari,* 9 M.
& W. [Eng.], 54*; *Lyle v. Shinnebarger,* 17 Mo. App., 74;
*Dobson v. Winner,* 26 Mo. App., 329; *Waite v. Leggett,* 8
Cow. [N. Y.], 195; *Guild v. Baldridge,* 2 Swan [Tenn.],
295; *Fraker v. Little,* 24 Kan., 598; *Whedon v. Olds,* 20
Wend. [N. Y.], 174; *Lucas v. Worswick,* 1 Mo. & R.
[Eng.], 293; *Rutherford v. McIvor,* 21 Ala., 750; *Devine
v. Edwards,* 87 Ill., 177; *Alston v. Richardson,* 51 Tex.,
1; Story, Contracts, sec. 422; *McCracken v. City of San
Francisco,* 16 Cal., 591; *Chapman v. Douglas County,* 107
U. S., 348; *Clark v. Saline County,* 9 Neb., 516; *Pimental
v. City of San Francisco,* 21 Cal., 351.

PosT, J.

The defendants in error presented to the county board
of Douglas county a claim for money alleged to be due
them on the cause of action hereafter mentioned. Their
claim having been rejected by the board, an appeal was
taken by them to the district court, where judgment was
entered in their favor and which has been removed into
this court for review upon the petition in error of the
county.

45

It is shown by the record that in the year 1886 Douglas county was the owner of the northeast quarter of section 29, township 15, range 13 east, in said county. On the 14th day of August of said year a resolution was adopted by the county board accompanied by a preamble in which it was recited that the county was at great expense in caring for its poor and insane, and resolving that the question should be submitted to the voters of the county at the next general election, whether a part of said real estate should be sold for the purpose of raising funds for the erection of a county hospital. In pursuance of said resolution a proposition was submitted to the voters of the county at the general election for 1886 for the sale of fifty acres of the tract of land above described, for the purpose named; and a record was subsequently made in which it was found and declared that said proposition had received the requisite number of votes and had been in due form adopted. The county board thereupon proceeded to subdivide said property into lots and blocks and to prepare a plat showing such divisions, as well as the streets and alleys therein, and which was designated on said plat as "Douglas Addition to the City of Omaha." On the 27th day of April, 1887, at a public auction of said property, defendants in error purchased three lots for the sum of $4,950 and paid one-third of the price thereof in cash. On the 16th day of May following the commissioners, in behalf of the county, executed to the defendants in error a warranty deed for said lots with the usual covenants of warranty, and on the same day defendants in error executed in favor of the county their three promissory notes for $1,100 each, secured by mortgage on said lots. Of said notes two have been paid in full by the makers, but payment of the third was refused for reasons which will hereafter appear.

It is alleged by the defendants in error that the sale of said lots to them was void, and that no title passed thereby, for the reason that the proposition to sell the property in

question did not receive the requisite number of votes and was in fact rejected by the electors of the county. The issues presented by the answer and reply will hereafter appear from a consideration of the questions discussed in the briefs of the respective parties. Numerous questions are presented by the assignments of errror, but which may be classified as follows : Those relating to the validity of the original sale. Those relating to the alleged subsequent ratification thereof. That the money claimed was voluntarily paid by the plaintiffs in error with a knowledge of all of the facts. For convenience the questions will be examined in the order named.

It is shown by the record that at the general election for the year 1886 there were cast in Douglas county 9,304 votes, of which 2,930 only were in favor of the proposition above mentioned. There were cast also 761 votes against said proposition. By the statute then in force, and which is to be regarded as the charter of the county as a body corporate, it was provided (sec. 23, ch. 18, Comp. Stats., 1893): "The county boards of the several counties shall have power.   *   *   *   Third—To make all orders respecting the property of the county, to keep the county buildings insured, to sell the public grounds or buildings of the county and purchase other property in lieu thereof.   *   *   *

"Sec. 24. The county board shall not sell the public grounds, as provided in the third subdivision of the preceding section, without having first submitted the question of selling such public grounds to a vote of the electors of the county."

It is not clear from the language of the sections which follow whether the provision of section 30, requiring an affirmative vote of two-thirds of the electors voting at such election, applies to propositions for the sale of public property, or whether it relates exclusively to the authority for imposing such special taxes as are contemplated by law.

But that question is not necessarily involved in this controversy, since it is not seriously contended that less than a majority of the voters could authorize the sale by the county of its public property. In declaring the proposition carried, the county board apparently regarded a majority of those voting upon the proposition as sufficient; but that construction is in radical conflict with the settled doctrine of this court. (*State v. Lancaster County*, 6 Neb., 481; *State v. Babcock*, 17 Neb., 188; *State v. Bechel*, 22 Neb., 158; *State v. Anderson*, 26 Neb., 521.) There is in the entire range of judicial investigation no principle more firmly established or resting upon sounder reasons than the rule requiring public bodies like counties, when acting under a special power, to act strictly within the conditions prescribed for the exercise of such power. (See *Hurford v. City of Omaha*, 4 Neb., 350; *Zottman v. City of San Francisco*, 20 Cal., 96; *Mayor v. Porter*, 18 Md., 301; *Still v. Trustees of Lansingburg*, 16 Barb. [N. Y.], 107; *Dill v. Inhabitants of Wareham*, 7 Met. [Mass.], 438; *Agawam Nat. Bank v. South Hadley*, 128 Mass., 503; *McDonald v. Mayor*, 68 N. Y., 23; *Parr v. Village of Greenbush*, 72 N. Y., 463; *Dickinson v. City of Poughkeepsie*, 75 N. Y., 74; *McBrian v. City of Grand Rapids*, 56 Mich., 103; *Smith v. Stevens*, 10 Wall. [U. S.], 326; *Clark v. United States*, 95 U. S., 539; *Camp v. United States*, 113 U. S., 648.) Pertinent in this connection is the following language used by Judge Field in *Zottman v. City of San Francisco, supra:* "The rule is general, and applies to the corporate authorities of all municipal bodies, where the mode in which their power on any given subject can be exercised is prescribed by their charter, the mode must be followed. The mode in such cases constitutes the measure of power." That the condition prescribed by law, to-wit, the consent of a majority of the electors of the county, is essential to a valid conveyance of the public property cannot be doubted. The deed was therefore, in this case, wholly

unauthorized and ineffective for the purpose of passing title.

The next question presented is that of the alleged ratification. It is necessary to a proper understanding of the issues to set out the answer so far as it relates to the subject under consideration, viz.: "Defendant further answering says that until about the time of the beginning of this suit the defendant and its various officials honestly believed that the right, title, and interest of this defendant in said premises had passed to the plaintiff and never have questioned said title; but that as soon as the board of county commissioners of said county were made aware that there was a question as to the validity of the adoption of the proposition to sell said premises and as to the legality of said sale, said board of county commissioners, with a view to carrying out the intent and purpose of the warranty deed executed by this defendant to the plaintiff, caused to be submitted to the legal voters of said county, at a special election held in said county on the 16th day of June, A. D. 1892, a proposition to ratify, adopt, affirm, and approve each and every act of the said board of county commissioners of said county in platting said Douglas Addition and in selling said premises, and authorizing the said board of county commissioners to make, execute, and deliver good and sufficient quitclaim deeds of all the right, title, and interest of the defendant in and to said premises to the purchasers of said premises, and the defendant hereby and now offers to execute and deliver to the said plaintiffs a quitclaim deed releasing and forever quitclaiming unto the said plaintiffs all right, title, and interest in and to said premises; that the aforesaid proposition was duly adopted by the legal voters of said Douglas county at said election held upon the 16th day of June, A. D., 1892, more than two-thirds of all the persons voting at said election having voted in the affirmative to adopt the said proposition." To ratify, in its legal sense, is to sanction, to confirm, to make valid

(*vide* Webster's Dictionary), and implies the contractual relation of obligor and obligee. In short, it is quite as essential to a valid ratification, as to a valid contract in the first instance, that the obligations be mutual. Tested by that rule the plea in this case would seem to be insufficient, since it does not appear therefrom that the defendants in error were in any sense parties to the alleged ratification. But the plea must be held insufficient on other and more substantial grounds. It was held in *Gutta Percha Mfg. Co. v. Village of Ogallala*, 40 Neb., 775, that the contract of a municipal corporation which is invalid when made, as in violation of some mandatory requirement of its charter, can be ratified only by an observance of the conditions essential to a valid agreement in the first instance. But the difficulty in this instance is that the law makes no provisions for submitting to the electors of a county the question of ratifying the unauthorized acts of its officers. There is, even under representative governments, no inherent power to hold elections. As said in *State v. Kinzer*, 20 Neb., 176: "An election, to be valid, must be authorized by statute. If it is not, votes cast thereat are simply nullities;" and, in the language of the supreme court of Pennsylvania (*Commonwealth v. Baxter*, 35 Pa. St., 263), "Majorities go for nothing at an irregular election. They are not even regarded as majorities, for it is the right of orderly citizens to stay away from such elections;" and to the same effect are *Sawyer v. Haydon*, 1 Nev., 75; *State v. Collins*, 2 Nev., 351; *McKune v. Weller*, 11 Cal., 49; *State v. Jenkins*, 43 Mo., 261; *State v. Sims*, 18 S. Car., 460; *Toney v. Harris*, 85 Ky., 479. In the brief of counsel is found a valuable discussion of the law of ratification with particular reference to contracts of public corporations which may and those which may not be subsequently ratified; but a consideration of that subject would, in our judgment, be out of place in this opinion, for the reason, as we have seen, that the second election was without au-

thority of law and could of itself in no event amount to a ratification of the previous unauthorized sale of the county's property.

We come now to a consideration of the third and last assignment of error. The proposition therein asserted is that the price of the lots in question was voluntarily paid by defendants in error with a full knowledge of all of the facts and that they are now without remedy therefor regardless of the character of the title acquired through their purchase from the county. With respect to the right to recover money paid under a mistake of law and with a knowledge of all of the essential facts, the authorities are, unfortunately, not harmonious; but in view of the conclusion we have reached with respect to the facts of the case before us, an examination of that question is rendered unnecessary. It is shown from the testimony of both of the defendants in error that they had never seen the record of the vote cast at the first election; that they had no actual knowledge that the proposition to sell had in fact been defeated, and that they purchased in the belief that the electors of the county had given their consent to the sale of the property mentioned. This evidence is practically uncontradicted, and upon which the district court apparently found against the county upon the issue of notice. There is certainly no presumption of notice in this case. On the contrary, the mere fact that defendants in error advanced their money under the circumstances is quite confirmatory of the claim that they relied upon the apparent authority of the county to sell the property in question.

It is claimed, however, that defendants in error are chargeable with constructive notice of the defeat of the proposition; but in that view we are unable to concur. The doctrine of constructive notice is an exception to the general rule, and has never been held to extend by implication to a case like that before us. Provision is made by law for notice in exceptional cases. For instance, mort-

gages and deeds of trust covering railroad property are
required to be recorded in each county through which the
road passes, and when so recorded shall be notice to the
world. (Sec. 120, ch. 16, Comp. Stats.) By section 16,
chapter 73, entitled "Real Estate," it is provided that in-
struments to be recorded shall take effect and be in force
from the time of their delivery to the register of deeds for
record, as to creditors and subsequent purchasers in good
faith without notice; and by section 39 of the same
chapter it is provided that the record of an assignment of
a mortgage shall not of itself be deemed notice of such
assignment, etc. True, provision is made for the canvass
of the vote by the clerk and two disinterested freeholders,
and the making of an abstract thereof which shall be
preserved by the county clerk. (Sec. 46, ch. 26, Comp.
Stats.) Such an abstract is, it will be conceded, evidence of
the result of any election. It may also be conceded that
parties directly interested—for example, candidates for of-
fice—are chargeable with notice of facts shown by the
official abstract of votes; but the reason of such a rule is
wanting when applied to an entire stranger.

It is suggested by counsel for the county that the de-
fendants are chargeable with a knowledge of such facts as
they had the means of knowing; but that contention is
not in harmony with the weight of authority. To defeat
an action for money voluntarily paid under a mistake of
fact it is not sufficient that the plaintiff might have known
the facts had he availed himself of the means of informa-
tion possessed by him. (*Kelly v. Solair*, 9 M. & W. [Eng.],
54; *Bell v. Gardiner*, 4 M. & G. [Eng.], 11; *Fraker v.
Little*, 24 Kan., 598; *Waite v. Leggett*, 8 Cow. [N. Y.],
195; *Wheadon v. Olds*, 20 Wend. [N. Y.], 174; *Devine
v. Edwards*, 87 Ill., 177; *Alston v. Richardson*, 51 Tex.,
1; *Lyle v. Shinnebarger*, 17 Mo. App., 74; *Dobson v.
Winner*, 26 Mo. App., 329; *McCracken v. City of San.
Francisco*, 16 Cal., 591.)

We find in the record no reversible error, and the judgment of the district court is accordingly

AFFIRMED.

IRVINE, C., not sitting.