F. W. RAGOSS ET AL. V. CUMING COUNTY.

FILED MARCH 16, 1893.   NO. 5055.

1. **County Clerks:** DEPUTIES: SALARIES: COUNTY BOARD. Under the provisions of sec. 42, ch. 28, Comp. Stats., where the fees of the county clerk exceed $1,500, the county board may appoint such number of deputies as may be necessary and fix their sal-

36   375
43   207

36   375
46   35

36   375
d48   15

36   375
55   155

36   375
d61   414
61   481
61   662

ary at not to exceed $700, the same to be paid out of the fees received by the clerk.

2. ———: ———: ———: ———. Where the county board has appointed a deputy and fixed his salary, and he has actually rendered the service, those facts may be proved even if there is no record of the order in the minutes of the county board.

3. County Board: ORDERS: COLLATERAL ATTACK. Where the county board has before it a matter which it may reject or allow, and its action thereon will be final unless appealed from, its order in the premises cannot be attacked collaterally, except for fraud.

ERROR from the district court of Cuming county. Tried below before NORRIS, J.

*T. M. Franse, J. C. Crawford,* and *M. McLaughlin,* for plaintiffs in error.

*H. C. Brome* and *P. M. Moodie, contra.*

MAXWELL, CH. J.

In 1881 Ragoss was elected county clerk of Cuming county and held the office for four years. The county board settled with him from time to time, and so far as appears he settled in full when he left the office. Afterwards this action was brought on his official bond to recover fees collected by him while in office. The fees claimed are as follows:

SCHEDULE "A."—FEES ENTERED UPON FEE BOOK.

1882.

| | | |
|---|---:|---:|
| For recording deeds | $656 | 00 |
| For recording mortgages | 381 | 05 |
| For filing chattel mortgages | 52 | 05 |
| For recording chattel mortgages | 5 | 25 |
| For recording miscellaneous instruments | 60 | 63 |
| For making abstracts | 108 | 55 |

1883.

| | | |
|---|---:|---:|
| For recording deeds | 660 | 00 |

Ragoss v. Cuming County.

| | | |
|---|---:|---:|
| For recording mortgages............................. | $392 | 10 |
| For filing chattel mortgages.......................... | 16 | 10 |
| For recording chattel mortgages..................... | 4 | 00 |
| For recording mechanics' liens...................... | 16 | 50 |
| For recording miscellaneous instruments.......... | 59 | 25 |
| For making abstracts ............................... | 148 | 75 |

Total entered on fee book...................$2,560 83

Schedule "B."—Fees Received and Not Entered on Fee Book.

1882.

| | | |
|---|---:|---:|
| For recording deeds.................................... | $74 | 25 |
| For recording mortgages.............................. | 115 | 50 |
| For filing chattel mortgages.......................... | 25 | 60 |
| For recording chattel mortgages..................... | 4 | 00 |
| For salary as clerk of board......................... | 400 | 00 |
| For making assessors' books............... ......... | 100 | 00 |
| For extra services..................................... | 82 | 25 |

Exhibit "A."—2.

| | | |
|---|---:|---:|
| For services as commissioner of insanity.......... | 30 | 00 |
| For making tax list.................................... | 600 | 00 |
| For making abstracts ................................. | 560 | 59 |
| Fees as clerk of district court........................ | 61 | 67 |

1883.

| | | |
|---|---:|---:|
| For recording deeds................................... | 119 | 00 |
| For recording mortgages.............................. | 125 | 50 |
| For recording chattel mortgages..................... | 9 | 00 |
| For filing chattel mortgages.......................... | 60 | 40 |
| For recording mechanics' liens...................... | 5 | 50 |
| For recording miscellaneous instruments........... | 8 | 25 |
| For salary as clerk of board......................... | 400 | 00 |
| For making assessors' books.......................... | 100 | 00 |
| For fees in state cases................................ | 142 | 73 |
| For fees as commissioner of insanity............... | 6 | 50 |
| For miscellaneous..................................... | 12 | 75 |
| For recording official bonds.......................... | 30 | 00 |

Searching records in West Point precinct case... $24 00
For making tax list............................................ 650 00
For making abstracts .................................... 500 00
For fees as clerk of district court..................... 358 67

Total amount of fees received during said
    years and not entered on fee book......$4,606 99
Adding fees so entered................................ 2,560 83

Making grand total.....................................$7,166 99
Deducting statutory allowance..................... 3,000 00

                                                $4,166 99

To the petition Ragoss filed an answer as follows:

"Now comes the defendant F. W. Ragoss, and for answer to plaintiff's petition filed herein says:

"1st. He admits the allegations contained in the first paragraph of said petition.

"2d. He admits that by virtue of his election for the said office he held and exercised the functions of said office of county clerk of Cuming county, Nebraska, from the 5th day of January, 1882, to the 9th day of January, 1884; that during the said term he received as fees and entered upon the fee book the sum of $2,560.83; that he has not paid into the treasury of said Cuming county any portion of the fees received by him during said term.

"3d. That he denies each and every other allegation in plaintiff's petition contained, except what is hereinbefore expressly admitted.

"4th. That he did report to the said board of county commissioners all fees received by him, and for which he was properly chargeable, and made a full, complete, and satisfactory settlement with said board of county commissioners and received a full receipt and discharge for all fees received by him during his said term of office, from which settlement and allowance no appeal has ever been taken.

"5th. That at the time he entered upon the duties of said office there was a large amount of work in said office, and that in conformity to law, and with the permission, consent, and under the direction of said board of commissioners he employed a deputy clerk at a salary of $700 per annum, and two assistant clerks at $600 per annum each for the time actually employed, and paid to said deputy and assistant clerks the sum of $1,900 per annum, which, together with the $1,500 per annum allowed him by law, exceeded the amount of fees by him collected and for which he was properly chargeable.

"6th. That the employment of said deputy and assistant clerks was made upon application by him to the county board of county commissioners of said county, and upon their allowance, consent, approbation, and authority.

"7th. That inasmuch as the said plaintiff did not exhibit his said petition against this defendant within four years from the time the action accrued on the several items set out in said petition each and every item thereof is barred by the statute of limitations, and the plaintiff ought not to be permitted to prosecute the same.

"Wherefore defendant prays that he may be dismissed, and go hence without day and recover his costs in this case most wrongfully sustained."

The sureties also filed an answer which need not be noticed.

On the trial of the cause the court directed the jury to return a verdict for the county for the sum of $2,327.21. The jury thereupon returned a verdict for the sum named, upon which judgment was rendered. The items upon which this instruction is based are as follows:

| | | |
|---|---:|---:|
| For making tax list 1882 | $600 | 00 |
| For extra services 1882 | 82 | 25 |
| For making assessors' books 1882 | 100 | 00 |
| For making tax list 1883 | 650 | 00 |
| For making assessors' books 1883 | 100 | 00 |
| For searching records West Point precinct case | 24 | 00 |

Ragoss entered upon the duties of his office in January, 1883. He seems to have been allowed one deputy to be paid out of the fees of his office. He offered to prove that a deputy named Hirschman had been appointed at a salary of $700 per year. This was objected to as "immaterial, not the best evidence, and incompetent." The objections were sustained and the evidence excluded. The defendants then offered "to prove by the witness on the stand and by the questions asked and ruled out that on or about the 10th day of January, 1882, F. W. Ragoss, county clerk of Cuming county, Nebraska, applied to the board of county commissioners for the privilege to appoint a deputy during his term of office; that said board of county commissioners found that it was necessary for him to have a deputy and empowered said F. W. Ragoss to appoint such deputy for the term for which he was elected and fixed the salary of such deputy at $700 per year, of which the commissioners made no record and there is no record of their proceedings; that he thereupon appointed such deputy for the term of two years at the salary of $700 per year. Plaintiff objects, as being incompetent, irrelevant, and immaterial, and not the best evidence. Objections sustained by the court. All of the defendants at the time severally except." In this the court clearly erred. The county board had authority to appoint a deputy, and if one was actually appointed it should have been shown. In April of that year the county board made an order as follows:

"April 10, 1882.

"The board of county commissioners of Cuming county met pursuant to adjournment. Members present: C. Paul, Chas. Schulth, and W. W. Cones. The following proceedings were had: Minutes of last meeting read and approved, etc. In consideration of the application of the county clerk for assistants, and further considering that said county clerk and his deputy are insufficient to overcome their office work, therefore it was moved, seconded,

and carried that the county clerk be and is hereby empow-
ered to hire one or two assistants, as he shall deem neces-
sary, besides the deputy, at $600 salary a year; each said
assistants are to be paid by him out of the overplus of fees,
respectively all that is over $1,500 a year and deputy's
salary; above allowance shall be counted from the com-
mencement of his official term.   Whereupon board ad-
journed until April 17, 1882.

"CON. PAUL.

"CHAS. SCHULTH.

"W. W. CONES.

"Attest:

"F. W. RAGOSS, *County Clerk.*"

The plaintiff in error also offered the following:

"MR. CRAWFORD: The defendants offer to prove by the
foregoing questions that the county commissioners made no
record of the application of F. W. Ragoss for the allow-
ance of a deputy or of their action thereon, and that he did
employ such deputy for the term of two years and pay
him the sum of $700 per year.   Plaintiff objects, as being
incompetent, irrelevant, and immaterial, and that no proper
foundation is laid.   Objections sustained by the court.   All
of the defendants at the time severally except.

"MR. CRAWFORD: Defendants' counsel offers in evidence
the official bond of C. Hirschman, deputy county clerk of
Cuming county, Nebraska, for the term commencing in Jan-
uary, 1882, and ending in January, 1884, with the approval
thereof by the commissioners of Cuming county as in-
dorsed thereon.   Plaintiff objects, as being immaterial.
Objections sustained by the court.   All of the defendants
severally except."

Other testimony of like character was offered and ex-
cluded.   The testimony also shows that the clerk made
quarterly reports of his fees.   Some of these reports were
submitted to the county attorney and seem to have been
approved by him.

Section 42, chapter 28, Compiled Statutes, provides "that every county * * * clerk * * * of each county, whose fees shall in the aggregate exceed the sum of $1,500, * * * shall pay such excess into the treasury of the county," etc. "*Provided*, That if the duties of any of the officers above named in any county of this state shall be such· as to require one or more assistants or deputies, then such officers may retain an amount necessary to pay for such assistants or deputies not exceeding the sum of $700 per year for each of such deputies or assistants, except in counties having over 70,000 inhabitants, in which case such officer may retain such amount as may be necessary to pay the salaries of such deputies or assistants as the same shall be fixed by the board; but in no instance shall such officers receive more than the fees by them respectively and *actually* collected, nor shall any money be retained for deputy service unless the same be actually paid to such deputy for his services; *Provided further*, That neither of the officers above named shall have any deputy or assistants unless the board of county commissioners shall, upon application, have found the same to be necessary, and the board of county commissioners shall in all cases prescribe the number of deputies or assistants, the time for which they may be employed, and the compensation they are to receive."

Section 43 requires a quarterly report on the first Tuesday of January, April, July, and October of each year.

Section 44 requires the officer to keep a fee book, wherein shall be entered all fees received, etc.

Section 45 provides a penalty for neglect of any of these duties.

The general supervision of the clerk's office is in the county board. It is its duty to see that the duties of the office are properly and faithfully performed. Where the fees exceed $1,500, so much of the surplus as may be necessary may be applied to the payment of deputies. No money can be drawn from the treasury for that purpose, but

only so much of the surplus fees as may be necessary. Now the county board, being present and seeing what was necessary, as they supposed, authorized Ragoss to employ certain deputies and fixed their compensation. This was strictly within their powers and duties, and their action therein at most would be erroneous and is not, in the absence of fraud or collusion, open to collateral attack. So of the orders allowing the application of fees to the payment of such salaries. In this state such an order is in the nature of a final judgment. (*Brown v. Otoe County*, 6 Neb., 111; *Clark v. Dayton*, 6 Id., 192.) In both of the cases cited it was held that an appeal must be taken to the district court or the allowance of the claim would be conclusive. The case of *State v. Silver*, 9 Neb., 86, does not contravene this rule. In that case a *mandamus* was brought to require the county clerk to report fees received by him for making out the tax list and the writ was granted. *Bayha v. Webster County*, 18 Neb., 131, was an appeal from the order of the county board disallowing a claim for making out the tax list and therefore not like the case at bar. A county board in allowing a claim which the law authorizes them to act upon may make an honest mistake, and allow or disallow an order. If any person is aggrieved thereby the law provides an adequate remedy by appeal. There should be an end to litigation, and an officer who has faithfully performed the duties of his office and made a full settlement with the tribunal authorized to settle the same should be permitted to rest on such settlement, unless there is fraud, mistake, or imposition in making the same. The court erred in the exclusion of the testimony and in directing a verdict, but should have submitted all the facts under proper instructions to the jury. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.