## JOHN P. HEALD ET AL. V. POLK COUNTY.

FILED OCTOBER 1, 1895.   No. 5704.

1. **Office and Officers:** COMPENSATION. When the law pre-
scribes the duties of a public officer and fixes the compensation
of such officer he must perform all the duties required of him by
the law for such compensation. *State v. Silver*, 9 Neb., 85, and
*Bayha v. Webster County*, 18 Neb., 131, reaffirmed.

2. **County Clerks:** COMPENSATION FOR MAKING TAX LISTS.
By the statute in force in 1883 county clerks of counties having
less than 25,000 inhabitants were required as a part of the duties
of their office to make out the tax lists of such counties for said
year, and for this service such clerks were not entitled to any
extra compensation.

3. ———: ———: FEES: COUNTY BOARDS: ALLOWANCE OF CLAIMS.
The county clerk of such a county in the year 1883 duly made
report to the county board of all fees received by him as such
clerk for said year. Such report was by the county board ap-
proved, and the clerk retained of the fees collected $1,500, that
sum being his compensation as fixed by the law. Said clerk
duly filed a claim of $200.24 against said county for making out
the tax list of the county for said year, which claim was duly
audited by the county board and paid to said county clerk. In
a suit by the county against the clerk and the sureties on his
official bond to recover this sum, *held*, (1) that the county board,
in examining the reports made to it by said clerk of fees received
by him as such officer, and in adjusting the account between the
county and said clerk, exercised ministerial functions only
(*Kemerer v. State*, 7 Neb., 130, and *State v. Roderick*, 25 Neb., 629,
limited and reaffirmed); (2) that the action of the county board
in examining and adjusting the reports made to it by the clerk
of fees received by him for the year 1883, and its action in al-
lowing the clerk the claim filed against the county for making
the tax list, were independent transactions; (3) that the county
board, in passing upon the claim filed against the county by the
clerk for making up the tax list, exercised judicial functions, and
its decision in the premises not having been appealed from was
final; (4) that the fact the claim presented by the clerk for mak-
ing up the tax list was without merit, and was one for which
the county was not legally liable, did not oust the county board
of jurisdiction in the premises.

4. Counties: COUNTY BOARDS: CLAIMS: ALLOWANCE: RES ADJUDICATA. The counties of this state are bodies corporate and politic. Their powers as such bodies are exercised by their county boards. Such boards are invested with exclusive, original jurisdiction to hear and determine, to allow or disallow, all claims filed against their counties. In passing upon such claims they act judicially and their decisions in the premises are conclusive unless appealed from.

ERROR from the district court of Polk county. Tried below before BATES, J.

*Holmes, Cornish & Lamb,* for plaintiff in error, cited: *Dixon County v. Barnes,* 13 Neb., 294; *Brown v. Otoe County,* 6 Neb., 111; *Bowers v. Rice,* 19 Neb., 578; *Lamb v. Briggs,* 22 Neb., 144.

*Harry M. Marquis, County Attorney, contra,* cited: *State v. Silver,* 9 Neb., 85; *State v. Ream,* 16 Neb., 681; *Palo Alto County v. Burlingame,* 32 N. W. Rep. [Ia.], 259; *Board of County Commissioners v. Sheehan,* 43 N. W. Rep. [Minn.], 690; *Chicago, B. & Q. R. Co. v. Bernard,* 32 Neb., 306; *Thompson v. Pioneer Press Co.,* 33 N. W. Rep. [Minn.], 861; *Bowers v. Rice,* 19 Neb., 578; *McNamara v. Cabon,* 21 Neb., 590; *Black v. Cabon,* 24 Neb., 248; *Marsh v. Snyder,* 14 Neb., 8; *Lewis v. Watrus,* 7 Neb., 477; *Crowell v. Johnson,* 2 Neb., 156; *Wausau Boom Co. v. Plumer,* 5 N. W. Rep. [Wis.], 54.

RAGAN, C.

John P. Heald was the duly elected, qualified, and acting county clerk of Polk county during the year 1893. This suit was brought by Polk county against Heald and the sureties on his official bond as such clerk to recover $200.24 fees which it is alleged Heald collected and retained as county clerk for said year in excess of the compensation allowed him by law for services rendered as such clerk for such year. Polk county had a verdict and judg-

ment and Heald has prosecuted to this court a petition in error.

The undisputed evidence in the case is that Polk county in the year 1883 had a population of less than 25,000 inhabitants; that Heald made out the tax list of said county for said year, and made out and filed with the board of commissioners of said county his claim against it for $200.24 for making out such tax list; that such claim was duly audited, a warrant drawn on the treasurer in favor of Heald for said amount and the same duly paid; that Heald made a report to the county authorities of all the fees received by him for the year 1883 as such county clerk, except this item for making up the tax list; that the county board examined his reports, approved the same, and allowed him to retain fees, besides the tax list item, to the amount of $1,500 for said year. The law in force at that time fixed the compensation or salary of county clerks of counties having less than 25,000 inhabitants at $1,500 per year. There was no law in force in that year which allowed county clerks in counties having less than 25,000 inhabitants any extra compensation for making tax lists. The law then in force fixing the compensation of such county clerks was section 1 of an act passed and approved February 15, 1877, and which took effect January 1, 1878. This law limited the compensation of such county clerks to $1,500 per year, and required them to account and pay over to the county all fees received by them in excess of said sum of $1,500. When the law prescribes the duties of a public officer and fixes the compensation or salary of such officer by the year, then such officer must perform all duties required of him by law for the compensation fixed. (*State v. Silver*, 9 Neb., 85; *Bayha v. Webster County*, 18 Neb., 131.) At the time Heald qualified for the office of county clerk, and before that time, the law made it the duty of county clerks of counties having less than 25,000 inhabitants to make out the tax lists of their counties for

each year.   This was not extra work.   It was as much a part of his duty to make out the tax lists because he was county clerk as it was his duty to file chattel mortgages brought to his office for that purpose.   By section 44, chapter 28, Compiled Statutes, 1893, it is provided that the county clerk, and other officers, shall keep a book to be known as a fee-book, in which he shall enter each and every item of fees collected by him, the name of the party from whom he received the fee, the time of receiving the same, the amount received, and for what service the fee was charged.   And by section 43 of said chapter it is made the duty of such county clerk, on the first Tuesday of January, April, July, and October of each year, to make a report under oath to the county board showing the different items of fees received by such officer for services performed by virtue of his office.   And by section 45 of said chapter it is provided, that if the clerk shall omit to comply with said sections 43 and 44 he shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined; and if he shall make a false report under oath he shall be guilty of perjury and punished accordingly.   By section 43, chapter 18, Compiled Statutes, 1893, it is provided that all persons chargeable with money belonging to any county shall render their accounts to and settle with the county board at the time required by law, and pay into the county treasury any balance which may be due the county and take receipts therefor.

In *Kemerer v. State*, 7 Neb., 130, it was held that a county board, in examining the reports made to it by county officers and in settling the account between such officers and the county, exercised ministerial functions only.   This case was approved and followed in *State v. Roderick*, 25 Neb., 629.   Following and relying upon these decisions, the argument of the county here is that the $200.24 allowed by the county authorities of Polk county to Heald for making the tax list constituted part

of the fees which he received in the year 1883 for services rendered by him as such county clerk, and which fees it was his duty to report to the county board and account for. We cannot adopt this argument. The law, it is true, required the county clerk to report to the county board all fees which he had received for services performed by him as such officer; but the fees which the clerk was required to account for was the compensation prescribed by law for the service rendered by him as such county clerk—the legal fees which he was authorized by law to charge and collect. As already stated, he was not entitled to any fee for making out the tax list for the year 1883. The money appropriated to Heald by the county board for making the tax list was in the nature of a gratuity, or donation. But whatever may be the character of this claim allowed to Heald by the county board, such claim was not a fee prescribed by law as a compensation to Heald for a service he had performed as such county clerk.

Another argument of the county is that the allowance by the county board of Heald's claim of $200.24 for making out the tax list for the year 1883, and the examination and approval of the reports made by him of the fees collected as county clerk for the year 1883, were parts of one and the same transaction, and that since the county board exercised only ministerial functions in examining Heald's reports and adjusting his accounts with the county, the board exceeded its authority in allowing Heald $200.24 for making out the tax list, as by that act the board increased the salary or compensation allowed Heald as clerk for the year 1883 by that amount; and that the board had no jurisdiction or authority to so increase the compensation of Heald and that its action in that respect was simply void. We think the cases last cited above from the 7th and 25th Nebraska, in so far as they hold that a county board exercises only ministerial functions in its examination of the reports of county officers and in settling and adjusting the accounts

between such officers and the county, are correct.  It is provided by the statutes (see Compiled Statutes, 1893, secs. 43, 44, 45, art. 1, ch. 18) that persons chargeable with money belonging to any county shall render their accounts to and settle with the county board and pay any balance which may be found due into the county treasury; and if any person shall refuse to render true accounts or settle, the county board shall adjust the accounts of such delinquents according to the best information it can obtain, ascertain the balance due the county, and institute a proper action to recover such balance; and in such suit the delinquent shall not be entitled to any commission and shall forfeit and pay to the county a penalty of twenty per cent of the amount found due the county; and that it shall be the duty of the court in which any such action is brought to include such penalty in the judgment rendered.  It is evident from this statute that the finding made by a county board in adjusting the accounts of an officer with his county is not conclusive upon either the officer or the county; but in a suit by a county against an officer to compel him to pay over fees collected the finding of the county board, made upon an examination and settlement of such officer's reports to it of the amount due from the officer to the county, is at most *prima facie* evidence of the correctness of the status of the account between the officer and the county.  But the holding of said cases last cited should not be extended beyond the point stated and they are not applicable or controlling under the facts in this case.  The action of the county board in examining the four reports made to it by Heald of fees received by him as county clerk for the year 1883, the approval of such reports and the adjusting of the accounts of Heald with the county, and its action in allowing the claim Heald filed against the county for making the tax list, were not parts of one and the same transaction.  Heald had no valid claim against this county, and it may be conceded that the allowance made by the board

7

of his claim for making the tax list was a mere shift and device resorted to by the board for the purpose of increasing Heald's compensation as county clerk.    The allowance of this claim was contrary to law and the money was appropriated for an unlawful and unauthorized purpose; and each member of the county board who voted for such appropriation may have thereby rendered himself and the sureties on his official bond liable to the county for the money so misappropriated.    The members of county boards are trustees and agents of the public charged with the performance of certain duties and invested with certain powers, and among these is that of conserving the public funds and paying them out only for lawful purposes; and when a county board appropriates the money of the public for any purpose, its members must know at their peril that such purpose is one authorized by law.    But by section 20, article 1, chapter 18, Compiled Statutes, 1893, each county in this state is declared to be a body politic and corporate; and by section 21 of said chapter it is declared that the powers of a county as a body corporate or politic shall be exercised by a county board; and by subdivision 3 of section 22 of said article and chapter it is declared that the county board shall have power to make all contracts and to do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers; and by subdivision 5 of section 23 of said article and chapter the county boards are given power to examine and settle all accounts against the county and all accounts concerning the receipts and expenditures of the county.    By section 37 of said article and chapter it is provided that before any claim against a county is audited and allowed such claim shall be verified by the oath of the claimant or his agent and filed with the county clerk, and that if the claim be disallowed in whole or in part, the claimant may appeal from the decision of the board to the district court; and by section 38 of said article and chap-

ter it is provided that any taxpayer of the county may appeal from the allowance of any claim against the county. This court has many times construed these statutes, and it has been uniformly held that a county board is invested with exclusive original jurisdiction to hear and determine, to allow or disallow, all claims filed against the county; that a county board, in passing upon a claim filed against the county, acts judicially, and that its decision in the premises, if unappealed from, is final. (*Brown v. Otoe County*, 6 Neb., 111; *State v. Buffalo County*, 6 Neb., 454; *Dixon County v. Barnes*, 13 Neb., 294; *Ragoss v. Cuming County*, 36 Neb., 375; *State v. Churchill*, 37 Neb., 702; *Sioux County v. Jameson*, 43 Neb., 265.)

In this action the county seeks to recover from Heald money paid to him on a claim filed by the latter against the county. This claim was duly verified by Heald, filed with the county clerk, examined by the county board and allowed, and as no appeal was taken from this action of the county board, this suit cannot be maintained. The claim ought not to have been presented to the county, as it did not owe Heald anything, and the board was quite as well aware of this as was Heald himself; but the fact that the claim presented was without merit, or was one for which the county was not legally liable, did not oust the county board of jurisdiction in the premises. Jurisdiction is authority to hear and decide. There were two parties to this proceeding, Heald and the county. There was an issue made by the filing of the claim, namely, whether the county was liable for the claim, and there was a judgment that the county was liable and that Heald should recover. Here then was not only jurisdiction, but on the part of the board judicial action and the exercise of judicial discretion. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.