LANCASTER COUNTY v. W. A. GREEN ET AL.

FILED MARCH 3, 1898. No. 7885.

1. **County Board: POWERS.** A board of county commissioners, in addition to the powers specially conferred by statute, has such other powers as are incidentally necessary to enable such board to carry into effect the powers granted.

2. ———: ———. The word "necessary" considered and, in respect to the implied powers of boards of county commissioners, *held* to

mean no more than the exercise of such powers as are reasonably required by the exigencies of each case as it arises.

3. **Instructions: QUESTION FOR JURY.** An instruction which withdrew from a jury the consideration of the necessity of employing brokers to refund county bonds, because in the contract, for the performance of which the recovery was sought against the county, its commissioners had assumed to determine the existence of such necessity, *held* erroneous.

ERROR from the district court of Lancaster county. Tried below before HALL, J.   *Reversed.*

*A. G. Greenlee* and *A. E. Harvey,* for plaintiff in error.

*Lamb & Adams, L. W. Billingsley,* and *R. J. Greene, contra.*

RYAN, C.

While there may be room for doubt as to the correctness of our position, we assume that this case was an appeal from the disallowance of a claim by the board of county commissioners of Lancaster county.   In the petition filed in the district court of that county the plaintiffs, Green & Van Duyn, alleged that December 27, 1893, they had entered the service of said county as agents to refund certain of its bonds at an agreed compensation of $7,500 if successful; that they had performed their undertaking and were entitled to a balance of $5,500 after crediting the county with a payment of $2,000.   By its answer the county joined issue as to the existence of any indebtedness owing by it to the above named plaintiffs. Upon a trial of the issues there was a verdict for the plaintiffs in the sum of $2,046.64, and a judgment thereon was rendered against the county, which prosecutes these proceedings in error.

There was given, among other instructions, the following:

"2. Under the statutory law of this state and the construction thereon placed by the supreme court of Nebraska, the board of county commissioners had lawful authority and legal right to make and enter into said

contract, and employ said Green & Van Duyn as agents to assist said board, if necessity therefor existed, in refunding the bonds of the county at a lower rate of interest, The question of the necessity of said employment of agents to aid the county board in refunding said bonds does not arise, and is not an issue in this case as between the parties to this suit, for the reason that the county board itself in said contract has determined the question, and so in reaching a verdict you will discard the question of necessity of the employment of agents entirely from your consideration."

We shall now consider the two distinct propositions recognized in the above instruction, first, that the board had the authority to enter into the contract if a necessity therefor existed, and, second, that the assumption of the right to enter into the contract by the board was conclusive as to its power in that respect.

By the provisions of section 23, article 1, chapter 18, Compiled Statutes, the management of the county funds and county business, except in certain cases not necessary to consider, was entrusted to this board. With respect to the faithful performance of their duties by the members of the board the same presumptions obtain as are entertained with reference to the discharge of their duties by other officers.

In *Sioux City & P. R. Co. v. Washington County*, 3 Neb. 30, occurs this language: "It was insisted on the argument that the law presumes all officers have done their duty. This is true in some respects, but when the acts of officers who exercise judicial functions of limited jurisdiction are questioned, the rule is well settled that they must not only show they acted within the authority granted, but it must also appear of record that they had jurisdiction. (*Frees v. Ford*, 6 N. Y. 176; *Yates v. Lansing*, 9 Johns. [N. Y.] 437; *Reynolds v. Stansbury*, 20 O. 353; *Wheeler v. Raymond*, 8 Cow. [N. Y.] 314; *Bloom v. Burdick*, 1 Hill [N. Y.] 130.)"

In *State v. Lincoln County*, 18 Neb. 283, it was said: "It

is well settled in this state that counties have no inherent power, and that their commissioners or agents acting for them have only such powers, generally, as are specially granted to them by statute, or such as are incidentally necessary to carry into effect those which are granted." In support of this proposition there were cited *Hallenbeck v. Hahn*, 2 Neb. 397; *Sioux City & P. R. Co. v. Washington County, supra; Sexson v. Kelley*, 3 Neb. 107; *People v. Commissioners of Buffalo County*, 4 Neb. 157; *Hamlin v. Meadville*, 6 Neb. 233; *State v. Buffalo County*, 6 Neb. 460; *McCann v. Otoe County*, 9 Neb. 324; *Walsh v. Rogers*, 15 Neb. 311. In addition to these there might now be cited *Douglas County v. Keller*, 43 Neb. 635, and *Tullock v. Webster County*, 46 Neb. 211. This grant of power must be strictly construed. (*State v. Lincoln County, supra; Sioux City & P. R. Co. v. Washington County, supra; Sexson v. Kelley, supra; People v. Commissioners of Buffalo County, supra; Commissioners of Hamilton County v. Mighels*, 7 O. St. 115; *Treadwell v. Commissioners of Hancock County*, 11 O. St. 190.)

We are not aware of any opinion in which is so thoroughly discussed the force of the word "necessary" as in *McCulloch v. State of Maryland*, 4 Wheat. [U. S.] 315, from which the following language of Marshall, C. J., is quoted:

"Congress is not empowered by it [the constitution] to make all laws which may have relation to the powers conferred on the government, but such only as may be 'necessary and proper' for carrying them into execution. The word 'necessary' is considered as controlling the whole sentence and as limiting the right to pass laws for the execution of the granted powers to such as are indispensable and without which the power would be nugatory; that it excludes the choice of means and leaves to congress, in each case, that only which is most direct and simple.

"Is it true that this is the sense in which the word 'necessary' is always used? Does it always import an

absolute, physical necessity, so strong that one thing to which another may be termed necessary can not exist without that other? We think it does not. If reference be had to its use in the common affairs of the world, or in approved authors, we find that it frequently imports no more than that one thing is convenient or useful, or essential to another. To employ the means necessary to an end is generally understood as employing any means calculated to produce the end, and not as being confined to those single means without which the end would be unattainable. Such is the character of human language that no word conveys to the mind, in all situations, one single definite idea; and nothing is more common than to use words in a figurative sense. Almost all compositions contain words which, taken in their rigorous sense, would convey a meaning different from that obviously intended. It is essential to just construction that many words which import some thing excessive should be understood in a more mitigated sense—in that sense which common usage justifies. The word 'necessary' is of this description. It has not a fixed character, peculiar to itself. It admits of all degrees of comparison; and is often connected with other words which increase or diminish the impression the mind receives of the urgency it imports. A thing may be necessary, very necessary, absolutely or indispensably necessary. To no mind would the same idea be conveyed by these several phrases. The comment on the word is well illustrated by the passage cited at the bar from the 10th section of the 1st article of the constitution. It is, we think, impossible to compare the sentence which prohibits a state from laying 'imposts, or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws,' with that which authorizes congress 'to make all laws which shall be necessary and proper for carrying into execution' the powers of the general government, without feeling a conviction that the convention understood itself to change materially the mean-

ing of the word 'necessary' by prefixing the word 'absolutely.' This word then, like others, is used in various senses; and, in its construction, the subject, the context, the intention of the person using them, are all to be taken into view."

The holding of this court in *State v. Lincoln County*, *supra*, was, in effect, that county commissioners of a county, acting for it, have generally only such powers as are specially granted to them by statute or such as are incidentally necessary to carry into effect those granted. The discussion of the word "necessary" above quoted illustrates the sense in which that word as used by this court should be understood. The county commissioners, therefore, are clothed not only with the powers expressly conferred upon them by statute, but they also possess such powers as are requisite to enable them to discharge the official duties devolved upon them by law. It was not practicable in advance to enumerate all the powers which the board of county commissioners might be permitted to exercise. To cover all contingencies very general language was employed, and from these considerations it necessarily results that the question whether or not the board has exceeded its powers must be determined upon the circumstances of each case as it arises. *State v. Board of Commissioners of Lancaster County*, 20 Neb. 419, seems to have been determined upon this theory, but of this there is by no means a certainty, for two of the judges announced that they were willing payment of a certain amount should be made to the relator, but for what reason, or upon what theory, they failed to state.

The first proposition in the instruction quoted was not inconsistent with the line of reasoning which, so far, has been followed. The correctness of the other proposition cannot, however, be so readily conceded. As we have already stated, the powers of the board of county commissioners in many cases could only be conferred in general terms, and whether or not these powers have

been transcended must be determined in view of the facts of each particular case as it arises. In the case at bar the exigency which required the employment of plaintiffs was defined in the contract set out in the petition of plaintiffs, and it was said in the above quoted instruction, that the question of the necessity of employing plaintiffs to aid in refunding the bonds of the county did not arise, for the reason that the county board, in said contract, has determined that question. The bill of exceptions in this case has been quashed, so that we cannot consider the facts established by the proofs, and this consideration should relieve us of the imputation of reflecting upon the conduct or motives of the county commissioners in this case when we say that, by recitation of their powers and of the necessities which require the exercise of them, no board of county commissioners can preclude inquiries into those questions. The second proposition embodied in the instruction under consideration was at variance with the views just stated, and the judgment of the district court is therefore reversed.

REVERSED AND REMANDED.