JAMES H. BERRYMAN, APPELLANT, V. G. F. SCHALANDER ET AL., APPELLEES.

FILED OCTOBER 22, 1909. No. 15,768.

1. County Commissioners: POWERS. A county board or board of county commissioners are clothed not only with the powers expressly conferred upon them by statute, but they also possess such powers as are requisite to enable them to discharge the official duties devolved upon them by law.

2. ———: ———: EXPENSES OF COUNTY ATTORNEY. The matter of allowing a sum to the county attorney to cover actual necessary expenses incurred while investigating and prosecuting criminal cases and defending cases brought against the county is within the sound discretion of said board, and said board may, in the exercise of such discretion, lawfully allow and reimburse the county attorney for such expenditures.

APPEAL from the district court for Knox county: AN-ON A. WELCH, JUDGE. *Reversed.*

*James H. Berryman, pro se.*

*P. H. Peterson* and *J. F. Green, contra.*

FAWCETT, J.

The petition alleges substantially: That from January 5, 1905, to the present time plaintiff has been and now is county attorney of Knox county; that said county contains two cities of the second class, eight incorporated villages, and one village not incorporated, about 1,500 Indians and one Indian reservation; that said county is 42 miles long and about 26 wide; that three of the villages of said county are not accessible by rail, and the county seat is located 14 miles from the nearest railroad station; that during the term of plaintiff's incumbency he has prosecuted about 200 criminal cases, about two-thirds of which have been for offenses committed in parts of said county 15 to 30 miles from the county seat; that in order to try said cases in the neighborhood where the offenses

were committed it was necessary for plaintiff to do a large amount of traveling and pay his traveling expenses in cash; that by pursuing such course he saved a large expenditure in sheriff's and witnesses' fees, for which the county would be liable in all such cases; that, if he had procured the arrest of such offenders and subpœnaed such witnesses and brought them to the county seat, the county would have been put to several times the expense incurred by plaintiff in the course pursued; that soon after entering upon his office as county attorney he submitted the above condition of things to the county board of said county, and advised said county board that from $1,000 to $2,000 per annum could be saved to the county by the course above indicated, and that since said time the system of the county's paying the traveling expenses of the county attorney in enforcing the criminal laws of the state has been followed in said county; that during the January meeting of the board each year, including 1907, the board made an estimate of the amount of money necessary to be raised by taxation for the then current year, as required by law, for all county purposes, and in each of said estimates provided for $1,200 per annum for salary and expenses of the county attorney, being $1,000 per annum for salary and $200 for traveling expenses and necessary disbursements connected with the county attorney's office; that at the July meeting of 1907 the board provided for a levy of that character for said purpose, and no objections thereto were made; that the plaintiff's claim for $21.84, covering expense of the class indicated for the months of April, May and July as per bill attached to plaintiff's petition was presented to the county board at said July meeting and was by said board duly allowed; that thereupon one Jerome Sharp, a resident and taxpayer of said county, appealed from the allowance of said claim to the district court, and filed in said court a transcript of said proceedings and a cost bond. Plaintiff further alleges that said claim has no connection with his salary as county attorney, but is to

reimburse him for money expended in said sum in the discharge of his duties as county attorney in the enforcement of the criminal laws of the state, and prays for judgment in said sum of $21.84 and costs. To this petition the said Sharp filed a general demurrer. The district court sustained the demurrer and dismissed plaintiff's petition. Plaintiff appeals.

The only question involved in this action is the power of the county board to allow plaintiff's claim. That the course pursued by the board and plaintiff has resulted in a great saving to the county is evident. That plaintiff was not bound to travel about the county in the manner indicated is clear. He could have filed his complaints at the county seat, and have placed warrants for the arrest of offenders and subpoenas for witnesses in the hands of the sheriff for execution, a course which would have been many times more expensive than that pursued. This system was not only of great advantage to the county in the saving of expense, and of great disadvantage to plaintiff in loss of time and labor and exposure of travel, but undoubtedly resulted in a more vigorous, prompt and efficient enforcement of the criminal laws of the state. That such action of the county board should be sustained unless clearly prohibited by express statute is too plain to require discussion. We know of no statute which prohibits it. A similar question was submitted to the attorney general's office during the incumbency of Honorable C. J. Smythe. The opinion by his deputy, Ed P. Smith, Esq., meets with our approval. The inquiry in that case was "whether or not the county is liable for livery hire engaged by the county attorney while investigating and prosecuting criminal cases and defending cases brought against the county." In the opinion it is said: "You are advised that it is the opinion of this office that the matter of allowing a sum to the county attorney to cover these expenses is wholly discretionary on the part of the county board. If the bill were filed with the county board for expenses necessarily incurred and actually paid, the county board might in its

discretion allow and pay the same." Report of Attorney General, 1897-1898, p. 29.

Section 4440, Ann. St. 1907, in defining the powers of a county, gives the county power "to make all contracts and to do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers." In construing this provision of the statute and determining the meaning of the word "necessary" therein, in *Lancaster County v. Green,* 54 Neb. 98, we held: "(1) A board of county commissioners, in addition to the powers specially conferred by statute, has such other powers as are incidentally necessary to enable such board to carry into effect the powers granted. (2) The word 'necessary' considered, and, in respect to the implied powers of boards of county commissioners, *held* to mean no more than the exercise of such powers as are reasonably required by the exigencies of each case as it arises." In the opinion (p. 103) we said: "The county commissioners, therefore, are clothed not only with the powers expressly conferred upon them by statute, but they also possess such powers as are requisite to enable them to discharge the official duties devolved upon them by law. It was not practicable in advance to enumerate all the powers which the board of county commissioners might be permitted to exercise. To cover all contingencies very general language was employed, and from this consideration it necessarily results that the question whether or not the board has exceeded its powers must be determined upon the circumstances of each case as it arises."

We do not think the question of the power of the county board to contract in advance for expenditures of the kind in controversy is involved here. The simple question involved is: Did the board have the power to pay the necessary expenses of the county attorney incurred while prosecuting the business of his office in a manner which was saving to the county large sums of money each year? To hold that it did not have such power would not only be a strained construction of the statute, but would, we

think, be against public policy. The action of the board in allowing plaintiff's claim, the reasonableness of which is not questioned, was a lawful exercise of the discretionary powers of such board, regardless of any prior agreement in that behalf.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings in harmony herewith.

REVERSED.