M. R. EMBERSON, APPELLANT, V. ADAMS COUNTY, APPELLANT; U. S. ROHRER, APPELLEE.

FILED JUNE 16, 1913.    No. 17,311.

1. Counties: POWERS OF COMMISSIONERS. County commissioners are clothed not only with the powers expressly conferred upon them by statute, but they also possess such powers as are requisite to enable them to discharge the official duties devolved upon them by law.

2. ———: ———: EMPLOYMENT OF ASSISTANTS. Such board has the power to employ and pay for clerical assistance to the county attorney where such clerical assistance is necessary for the purpose of enabling that officer to properly perform the duties devolving upon him in conducting the business of his office. *Berryman v. Schalander*, 85 Neb. 281.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Reversed with directions.*

*John M. Ragan, M. A. Hartigan* and *J. W. James,* for appellant.

*John Snider, contra.*

BARNES, J.

The plaintiff in this action was employed in the office of the county attorney of Adams county in the performance of clerical work which was necessary in order to enable the county attorney to properly perform the duties of his office. She presented a bill for her services to the county board amounting to $25 for the month of November, 1910. The bill was audited and allowed, and one U.

S. Rohrer, as a taxpayer, appealed to the district court, where a trial resulted in a judgment for the appellant rejecting the plaintiff's claim, and she has brought the case here by appeal.

The question involved is the power of the county board to furnish and pay for clerical help in the county attorney's office. The district court found that the services were performed, and were necessary to enable the county attorney to properly perform his duties, but further found that the board had no power to pay for such services.

In *Lancaster County v. Lincoln Auditorium Ass'n,* 87 Neb. 87, it was said: "The direction of county affairs is entrusted by law to the county board, and not to the courts. Neither are infallible. It is probable that, where no sinister influences are shown to exist, county affairs may in the long run be best administered by the men chosen by the people for that express purpose. While the intervener and other citizens of the county may be possessed of business acumen which would prevent them making such a contract, we are of opinion that it is not void for want of consideration." *

*Berryman v. Schalander,* 85 Neb. 281, was a case where the county attorney filed a claim for $21.84 for expenses necessarily incurred in performing the duties of his office. The district court held that plaintiff could not recover. On appeal to this court it was said: "Section 4440, Ann. St. 1907, in defining the powers of a county, gives the county power 'to make all contracts and to do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers.' In construing this provision of the statute and determining the meaning of the word 'necessary' therein, in *Lancaster County v. Green,* 54 Neb. 98, we held: '(1) A board of county commissioners, in addition to the powers specially conferred by statute, has such other powers as are incidentally necessary to enable such board to carry into effect the powers granted. (2) The word "necessary" considered, and, in respect to the implied powers of boards

of county commissioners, *held* to mean no more than the exercise of such powers as are reasonably required by the exigencies of each case as it arises.' In the opinion (p. 103) we said: 'The county commissioners, therefore, are clothed not only with the powers expressly conferred upon them by statute, but they also possess.such powers as are requisite to enable them to discharge the official duties devolved upon them by law. It was not practicable in advance to enumerate all the powers which the board of county commissioners might be permitted to exercise. To cover all contingencies very general language was employed, and from this consideration it necessarily results that the question whether or not the board has exceeded its powers must be determined upon the circumstances of each case as it arises.' We do not think the question of the power of the county board to contract in advance for expenditures of the kind in controversy is involved here. The simple question involved is: Did the board have the power to pay the necessary expenses of the county attorney incurred while prosecuting the business of his office in a manner which was saving to the county large sums of money each year? To hold that it did not have such power would not only be a strained construction of the statute, but would, we think, be against public policy. The action of the board in allowing plaintiff's claim, the reasonableness of which is not questioned, was a lawful exercise of the discretionary powers of such board, regardless of any prior agreement in that behalf."

In *Christner v. Hayes County,* 79 Neb. 157, it was held: "County officers have by implication such powers as are necessary to enable them to perform the duties expressly enjoined upon them. A county attorney, who is required by law and by the order of the county board to institute actions for the benefit of the county, may bind the county to pay the reasonable and necessary expenses incident thereto." *State v. Barton,* 88 Neb. 576; *Shepard v. Easterling,* 61 Neb. 882; *Roberts v. Thompson,* 82 Neb. 458.

In the case at bar it was established beyond question

that the services were necessary in order to properly enable the county attorney to perform the duties of his office, and that the services were performed. Therefore we decline to take so narrow a view of the powers of the county board as would prevent them from paying a small compensation for such service. By furnishing the county attorney a small amount of clerical help he was enabled to perform the duties of his office more effectually, and thus better serve the county in prosecuting criminal cases and performing the other duties devolving upon him in his official capacity.

We are therefore of opinion that the county commissioners had the power to allow plaintiff's claim. The judgment of the district court is therefore reversed, and the cause is remanded, with directions to render a judgment for the plaintiff.

REVERSED.

Rose, Sedgwick and Hamer, JJ., not sitting.