GEORGE E. MIZEN, APPELLEE, v. ADAMS COUNTY; UR S. ROHRER, APPELLANT.

FILED MAY 29, 1914. No. 17,686.

1. **Officers:** POWER TO RATIFY ACTS. It is a general rule that public officers may ratify such acts as they could in the first instance have authorized.

2. **County Clerk:** COMPENSATION: POWER OF COUNTY BOARD. Under the provisions of section 42, ch. 28, Comp. St. 1907, the county boards, in counties having over 18,000 and less than 25,000 inhabitants, are prohibited from authorizing or allowing the county clerk of any such county to receive and retain in the aggregate, as salaries or compensation for himself and his deputies, clerks and assistants, any sum in excess of the amount of the fees actually collected.

APPEAL from the district court for Adams county: GEORGE F. CORCORAN, JUDGE. *Reversed and dismissed.*

*Snider & Bruckman, M. A. Hartigan* and *Don C. Fouts,* for appellant.

*Tibbets, Morey & Fuller, contra.*

FAWCETT, J.

Plaintiff, for the year 1910, was county clerk of defendant county. At the close of the year he filed a claim with the county board for a "balance due as per report for year 1910, $469.55." On January 9, 1911, the bill was audited and allowed by the board, and from this allowance Ur S. Rohrer, a citizen and taxpayer of the county, appealed. On a hearing in the district court there was a finding for plaintiff and a judgment for the amount of his claim, with interest added, from which Mr. Rohrer has appealed to this court.

The two principal grounds of appellant's complaint are: (1) That the county board did not in advance find that it was necessary for plaintiff to have any deputy or assistants, and prescribe the number, the compensation, and the time of employment of each. (2) That the amount paid

out by plaintiff for deputy and extra clerk hire, plus his salary of $1,500, which was paid by warrant upon the general fund of the county, exceeded the amount of fees actually collected by plaintiff for that year, to an amount equal to or more than the amount of the claim in suit.

We shall not spend time discussing the first point. It is well settled, under the decisions of this court, that public officers may ratify such acts as they could have authorized, and, as said by Sedgwick, J., in *Gage County v. Wright*, 86 Neb. 436, 440: "We see no reason for refusing to apply that rule in this case."

The second point is more serious. It appears that, in accordance with the custom prevailing in the defendant county, plaintiff employed a deputy and such extra clerk hire as he deemed necessary, paid the persons so employed their stipulated compensation out of the receipts of the office, as far as they extended, and the balance from his private funds. Each quarter during the year he collected his quarterly salary of $375, and then filed the present claim for the balance due him under that arrangement. In accordance with the custom referred to, the board, finding that the amount expended was reasonable, allowed the claim. From the record before us it is evident that the plaintiff, as county clerk, and the members of the county board all acted in the utmost good faith. This fact is so clearly established that we regret that a plain provision of the statute alone prevents the giving of our approval to what was done.

Plaintiff cites *Emberson v. Adams County*, 93 Neb. 823, in which we sustained the action of the board of the defendant in this case in making an allowance to the county attorney for such clerical assistance as was deemed necessary for the purpose of enabling that officer to properly perform the duties devolving upon him in conducting the business of his office, and based our decision on *Berryman v. Schalander*, 85 Neb. 281, which was also a case of an allowance to a county attorney of certain expenses incurred by him in the discharge of the duties of his office.

96 Neb. 20

The difference between those cases and this is that, while
there is no provision in the statute authorizing payment
by the county board of such expenditures for a county at-
torney, there is no statutory prohibition against their al-
lowance. In the *Berryman* case we said (p. 283) : "That
such action of the county board should be sustained unless
clearly prohibited by express statute is too plain to re-
quire discussion. We know of no statute which prohibits
it." Unfortunately for plaintiff the statute in plain terms
prohibits the allowance of his claim. The legislature of
1907 (laws 1907, ch. 57) amended section 42, ch. 28,
Comp. St. 1905, fixing the compensation of county judges,
county clerks and county treasurers, and provided that, in
counties having over 18,000 and less than 25,000 inhabit-
ants (which class includes defendant county), "the county
clerk shall receive a salary of fifteen hundred ($1,500)
dollars per annum which salary shall be paid by warrants
drawn on the county general fund of the counties in which
they hold their respective offices." It then proceeded to
fix the salary of county clerks in counties having over
25,000 and less than 60,000 inhabitants, at $2,500 per an-
num, and provided that in such counties the "county clerk
shall also have such other clerks or assistants, to be ap-
pointed by him, as the county board may find to be neces-
sary, and to be paid out of the county general fund at
rates of compensation to be fixed by the county board."
It then made similar provisions for deputies and assist-
ants in counties having over 60,000 and less than 140,000
inhabitants, and for counties having over 140,000 inhabit-
ants. The act then provided that, if the duties of any of
the officers named in any county having a population of not
more than 18,000 inhabitants shall be such as to require
one or more assistants or deputies, such officers might re-
tain the amount necessary to pay for such assistants or
deputies, not exceeding the sum of $1,000 per year. It
also provided that, if the duties of any of the officers above
named in any county having a population of over 18,000
and less than 25,000 inhabitants shall be such as to re-
quire one or more assistants or deputies, "then such offi-

cers may retain any amount of fees collected sufficient to pay the salaries of such deputies and assistants, not exceeding the sum of $1,000 per annum for each of said deputies or assistants; but in no instance shall such officers in counties not having more than 18,000 inhabitants receive more than the fees by them respectively and actually collected." Had the act stopped here, which was substantially the act of 1905, considered in *State v. Drexel*, 75 Neb. 614, cited by plaintiff, we would have no difficulty in affirming this case by adhering to that. But, by the amendment of 1907, the legislature added the following clause: "Nor in any of the counties in this state, shall any one of the above named officers and the deputies, clerks and assistants of such officer, receive in the aggregate salaries or compensation in excess of the amount of the fees of such officer actually collected, except in those cases where the amount of the salaries or compensation of such deputies, clerks or assistants, is by this act directed to be paid out of the county general fund, and, in all such excepted cases, such officer and his deputies, clerks or assistants, shall respectively receive the several amounts of money as hereinbefore specified (or as fixed by the county board in the case of, and for, such clerks and assistants as do not have their compensation fixed by this act), although such amounts so received by such officer and his deputies, clerks and assistants may in the aggregate exceed the amount of fees collected by such officer." The "excepted cases" referred to are the cases of the several classes of counties having a population in excess of 25,000 inhabitants, as above shown. The reason for the exception is apparent, viz.: That as to those counties not only the county clerk himself, but his clerks and assistants are paid their salaries or compensation out of the county general fund, and not from the fees collected, while in counties of the class of defendant the county clerk alone is paid a salary of $1,500 out of the general fund, while his clerks and assistants can only be paid out of the fees of the office. Just why the legislature should apply a different rule to this class of counties, where the clerk himself receives his com-

pensation out of the general fund, is not clear to us, but that it has applied a different rule to such counties is clear. Whether the application of such a rule is wise, or fair, is a question that we cannot determine. Our duty is to enforce the law which the lawmaking body has enacted.

The evidence shows that the plaintiff paid out during the year 1910 for deputy and extra clerk hire a sum which, added to his salary of $1,500, which he drew quarterly, would exceed the total receipts of the office more than the amount of the claim in suit. It follows from what has been said that the board exceeded its powers under the statute in allowing the claim. The doctrine of ratification or estoppel cannot apply, for the reason that the county board could not in advance have authorized an expenditure by plaintiff of any sum in excess of the fees actually collected by him.

The judgment of the district court is therefore reversed and plaintiff's action dismissed.

REVERSED AND DISMISSED.