CHAUNCEY E. BEADLE, APPELLANT, V. GEORGE W. HARMON ET AL., APPELLEES.

FILED FEBRUARY 14, 1936. No. 29483.

*H. A. Bryant* and *Charles H. Hood,* for appellant.

*Clyde R. Worrall, contra.*

Heard before GOOD, EBERLY and PAINE, JJ., and RAPER and PROUDFIT, District Judges.

EBERLY, J.

This is an action brought by Chauncey E. Beadle, as a taxpayer, for the benefit of Saunders county, of which he is a resident, against the defendants, George W. Harmon, Carl Keifer and Frank Houfek, county commissioners of Saunders county, for public moneys unlawfully expended by them. It is charged that the defendants, as such county commissioners, while in session in the county courthouse of that county, unlawfully and without authority, purchased one certain electric refrigerator from the Carl W. Weber Electric Company, and caused the same to be installed in the county jail; that on the same date the claim therefor, in the sum of $271.50, was without authority of law presented and allowed, and a warrant therefor unlawfully drawn, issued, and delivered to this electric company, and paid by the county treasurer of Saunders county; that at the time of the allowance and issuance of this warrant the petition alleges that "the amount levied for the general purposes of said county was the sum of $92,063.67; that on said date the amount of warrants issued and drawn against said fund totaled $110,155.02." But plaintiff nowhere alleges that "there were no funds in the treasury for the payment of the same." Comp. St. 1929, sec. 26-118. It is admitted that, derived from sources other than property tax, there was then in the county treasury in the general fund moneys

ample in amount to cover this warrant, and out of which it was in fact immediately paid. Plaintiff avers that, by reason of the immediate delivery of the warrant and the consequent violation of section 26-115, Comp. St. 1929, which provides that "the same shall not be delivered to the party (in whose favor drawn) until the time for taking an appeal has expired," etc., he was deprived of his appeal, and that the claim being for the unlawful and unauthorized purchase of personal property, and the transaction completed in contravention of the statutory requirement that warrants shall not be issued in an amount "exceeding the aggregate of eighty-five per cent. of the amount levied by tax for the current year" (Comp. St. 1929, sec. 26-116), the county officers involved are personally liable to the extent of the public funds paid out. Plaintiff seeks to recover under the provisions of section 26-118, Comp. St. 1929. It provides: "Any warrant drawn after eighty-five per cent. of the amount levied for the year is exhausted, *and where there are no funds in the treasury for the payment of the same,* shall not be chargeable as against the county, but may be collected by civil action from the county board making the same, or any member thereof." (Italics ours.) In the district court judgment was entered for defendants. Plaintiff appeals.

While plaintiff's proof may be conceded to establish that 85 per cent. of the amount levied for the year was exhausted, it wholly fails to establish that there were no funds in the treasury for payment of the same. Obviously, without the existence of the second condition prescribed by the statute quoted, no recovery under section 26-118 is justified. This conclusion is also supported by the fact that to the mandate of section 26-116 which renders the issuance of any warrant in any amount exceeding the aggregate of 85 per cent. of the levy unlawful is added the words, "except there be money in the treasury to the credit of the proper fund for the payment of the same." On argument at the bar of this court it was conceded that, from sources of taxation other than property tax, money had been received

by the county treasurer and was possessed by that official on the date of the allowance of the bill, which was properly to be credited to this fund, and from which the warrant in controversy was actually paid. It follows that under these circumstances no recovery may be sustained under the statutory provisions quoted and relied upon. *Lancaster County v. State,* 13 Neb. 523, 14 N. W. 517.

It also appears that the claim presented by the electric company had not been verified as required by section 26-119, and plaintiff challenges the correctness of the action taken by the county board because of this omission. This question has heretofore been determined by this court adversely to plaintiff's present contention. *State v. Board of County Commissioners of Cass County,* 60 Neb. 566, 83 N. W. 733; *State v. Farrington,* 80 Neb. 628, 114 N. W. 1100; *Gibson v. Sherman County,* 97 Neb. 79, 149 N. W. 107; *Bartlett v. Dahlsten,* 104 Neb. 738, 178 N. W. 636.

Plaintiff also avers that the purchase of the electric refrigerator, under the circumstances that attended the transaction, was wholly unauthorized and not within the powers conferred on the county board, and that the action taken by it was "unlawfully and corruptly ordered."

However, there is no evidence in this record from which it may be inferred that any of the defendants derived any private profit from the transaction, and it wholly fails to show any dishonest motive on the part of any of the defendants, or to disclose that they were not acting honestly in the allowance of this claim. The issuance of the warrant prior to the lapse of ten days in no manner affected plaintiff's right of appeal which the statute vested in him as a taxpayer. The question as to whether the transaction was properly within the powers of the county board is one which the issues in the instant case do not clearly present.

Our statute provides: "The powers of the county, as a body corporate or politic, shall be exercised by a county board, to wit, * * * in counties not under township organization by the board of county commissioners." Comp. St. 1929, sec. 26-103. Among the powers of counties so to

be exercised are: "First. To purchase and hold the real and personal estate necessary for the use of the county; * * * Second. To sell and convey, or lease, any real or personal estate owned by the county; Third. To make all contracts and to do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers." Comp. St. 1929, sec. 26-104. The county boards also have power "to take and have the care and custody of all the real and personal estate owned by the county," and also power "to manage the county funds and county business except as otherwise specifically provided," and "Fifth. To examine and settle all accounts against the county, and accounts concerning receipts and expenditures of the county." Comp. St. 1929, sec. 26-105. By section 26-108, Comp. St. 1929, it is expressly made the duty of county boards, "to erect or otherwise provide a suitable courthouse, jail and other necessary county buildings, * * * and to provide suitable rooms and offices for the accommodation of the * * * sheriff, * * * and suitable furniture therefor." Chapter 47, Comp. St. 1929, contains general provisions regulating and governing jails. In consideration of these powers thus specifically conferred, this court has repeatedly declared that boards of county commissioners in this state, in addition to the powers specifically conferred by statute, have such other powers as are incidentally necessary to enable such boards to carry into effect the powers granted. *Lancaster County v. Green*, 54 Neb. 98, 74 N. W. 430; *Berryman v. Schalander*, 85 Neb. 281, 122 N. W. 990; *Wherry v. Pawnee County*, 88 Neb. 503, 129 N. W. 1013; *Emberson v. Adams County*, 93 Neb. 823, 142 N. W. 294; *Hallowell v. Buffalo County*, 101 Neb. 250, 162 N. W. 650; *Buffalo County v. Bowker*, 111 Neb. 762, 197 N. W. 620; *Lindburg v. Bennett*, 117 Neb. 66, 219 N. W. 851; *Cheney v. County Board of Supervisors*, 123 Neb. 624, 243 N. W. 881.

It is obvious, therefore, that the transaction in suit was one which necessarily invoked the due and proper exercise of the statutory powers above enumerated.

However, in *Taylor v. Davey*, 55 Neb. 153, 75 N. W. 553, where injunctive relief was sought as a challenge to a similar exercise of power by a county board, Norval, J., employed the following language:

"Plaintiffs sought to enjoin the payment of the warrant in question for the following reasons: (1) That the contract made by said county with Fritzon, which is the basis for said warrant, was illegal; (2) that said contract was not executed; (3) that said claim was not included in the estimates of expenses made by the county board; (4) there was no money on hand, or levy of taxes made, against which said warrant could be drawn.

"A county board has exclusive original jurisdiction to examine and pass upon claims against the county properly cognizable for audit and allowance, and the action of such board in allowing and rejecting claims has the force and effect of a judgment, and is conclusive unless vacated or reversed by means of appropriate appellate proceeding. This is the settled doctrine of this court. *Heald v. Polk County*, 46 Neb. 28, 64 N. W. 376; *State v. Merrell*, 43 Neb. 575, 61 N. W. 754; *State v. Churchill*, 37 Neb. 702, 56 N. W. 484; *Ragoss v. Cuming County*, 46 Neb. 36, 64 N. W. 378; id. 36 Neb. 375, 54 N. W. 683; *Sioux County v. Jameson*, 43 Neb. 265, 61 N. W. 596. The grounds above stated upon which relief is demanded, or the most of them, would have afforded good and valid reasons for the rejection by the county board of the said claim of Fritzon, had the objections been seasonably presented. But the board had jurisdiction to audit and pass upon this claim, and it having acted in the premises, allowed the demand, and drawn a warrant for its payment, the decision is conclusive upon the county and the taxpayers thereof, since no appeal was prosecuted by any one from the action of the board."

In addition, this court is committed to the doctrine that, in view of the statutory provisions referred to, the allowance of the present claim by the county board necessarily involved the exercise of judicial discretion by the members of the board, and as to matters which involve the exercise

of judicial discretion the members of county boards incur no personal liability because of mere errors of judgment.

The controlling principle, in this view of the case, is:

"Where judicial discretion is called for in the allowance of a claim presented, the board then acts as any other judicial body, and its findings can be questioned and set aside only by an appeal taken from the decision as provided by statute. Neither can the members of the board be made liable for a mere mistake made in passing judgment on the claim, the commissioners, in such case, being entitled to the same immunity as other judicial officers." *Crouch v. Pyle,* 70 Neb. 60, 96 N. W. 1049.

While the form of the present action eliminates the necessity of defining the actual powers vested in the county board, we are satisfied that the judgment appealed from was the only judgment that could have been entered in this case, and it is, therefore,

AFFIRMED.