GAGE COUNTY, APPELLANT, v. W. W. WRIGHT, APPELLEE.

FILED MARCH 28, 1910. No. 15,954.

1. County Officers: APPOINTMENT OF ASSISTANTS. Under chapter 35, laws 1901, county treasurers of counties having more than 25,000 inhabitants and less than 60,000 were authorized to employ deputies and assistants whose combined salaries should not amount to more than $2,400.

2. ——: ——: RATIFICATION: LIABILITY OF SURETIES. If the last proviso of the act applied to counties of the above named class, which is not decided, the action of the treasurer in appointing

such assistants might be ratified by the county board after their services had been rendered and had been paid for by the treasurer; and the county board, having with full knowledge of the facts allowed the treasurer in their settlement with him the sum so paid out not exceeding $2,400, the county cannot recover the same in an action on his bond.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*F. O. McGirr* and *Menzo W. Terry,* for appellant.

*Sackett & Brewster, contra.*

SEDGWICK, J.

The defendant Wright held the office of treasurer of Gage county for the two years' term ending on the 7th of January, 1904. Each year of this term he retained, in addition to his own salary, and paid out to his deputies and assistants $2,400. This action was brought upon his official bond to recover a part of the money so paid out by him, which it was claimed was in excess of the amount allowed by law to be so paid. The question presented depends upon the construction of the act of the legislature of 1901 regulating the fees of county officers. Laws 1901, ch. 35. That act provides that, when the fees of the county treasurer exceed $2,000 a year, such excess shall be paid into the county treasury. There are several provisos added to the section. The first is that in counties having over 25,000 inhabitants the county treasurer shall receive $3,000 per annum, and shall be furnished by the county commissioners the necessary clerks or assistants, whose combined salaries shall not exceed the sum of $2,400 per annum. The second proviso is "that, if the duties of any of the officers above named in any county of this state shall be such as to require one or more assistants or deputies, then such officers may retain an amount necessary to pay for such assistants or deputies not exceeding the sum of seven hundred ($700) dollars per year for each of such

deputies or assistants, except in counties having a population over sixty thousand (60,000) inhabitants, in which case such officer may retain such amount as may be necessary to pay the salaries of such deputies or assistants as the same shall be fixed by the county board," and the section concludes with the following words: "but in no instance shall such officer receive more than the fees by them respectively and actually collected, nor shall any money be retained for deputy service, unless the same be actually paid to such deputy for his services; and provided further, that neither of the officers above named shall have any deputy or assistant unless the board of county commissioners shall, upon application, have found the same necessary, and the board of county commissioners shall in all cases prescribe the number of deputies or assistants, the time for which they may be employed, and the compensation they are each to receive."

Gage county has a population of more than 25,000 and less than 60,000. The county insists that the second proviso limited the amount to be paid to each assistant to $700. The contention of the defendant is that the case comes within the first proviso, which justifies the expenditure of $2,400 for clerks and assistants. The county further contends that the county commissioners did not upon application find that the clerks and assistants were necessary, and did not prescribe the number of deputies or assistants, as contemplated by the last proviso of the act, and that for that reason the payment of these fees by the county treasurer was illegal. The cause was tried by the judge without a jury, who found that $50 of the money so paid out was not properly authorized by the county commissioners, and required the treasurer to refund that amount to the county, with interest, and found the other issues in favor of the defendant.

One of the first rules for the construction of statutes is that the court will give effect to all parts of the statute if practicable. If the language of the second proviso is to be taken literally, there is a substantial conflict between

that part of the act and the first proviso. We think that
a more reasonable construction of the second proviso is
that it was intended to apply to the smaller counties of
the state not included in the first proviso. Counties of
more than 25,000 inhabitants having been already pro-
vided for, it was thought that it might happen in some
of the smaller counties that the duties of the officers
mentioned would be such as to require one or more as-
sistants or deputies. In such case the treasurer might
apply to the county board for assistants, who might allow
them and prescribe the number of deputies or assistants
and fix their compensation, which of course could not be
more than $700 each in the smaller counties.

The legislature of 1905 recognized the apparent uncer-
tainty of the statute, and again amended the law by
inserting some more definite provisions. Among others
so inserted, is the provision that in counties having over
25,000 and less than 60,000 inhabitants the treasurer shall
be furnished one deputy or chief clerk with a salary of
$1,400; a clerk with a salary of $1,000, and another clerk
with a salary of $600, increasing the amount that may be
expended for assistants to the county treasurer in coun-
ties of this class to $3,000. If we say that by the act of
1901 all counties are divided into classes with reference
to the work of the county treasurer, and that in those of
one class having over 25,000 and under 60,000 inhabitants
the treasurer is allowed assistants, whose combined sala-
ries may be $2,400, and in all counties having 25,000 or less
the rule of the second proviso obtains, we shall give effect
to both the provisos, and with that construction the act is,
in that respect at least, consistent with itself.

The second contention of the county is that the last
proviso of the act applies to all counties, and that in this
case the county board did not find that the assistants em-
ployed by the county treasurer were necessary, and did not
prescribe the number of deputies or assistants, nor the
time for which they might be employed, nor the compensa-
tion that each should receive. The trial court found that

the county by its settlement with the treasurer upon full knowledge on the part of the board that the treasurer had employed assistants, and had paid them salaries which together amounted to the full sum of $2,400, ratified the act of the county treasurer in employing these assistants, which was a substantial compliance with the statute in that regard. We think that if it must be held that this last proviso of the statute applies to counties having more than 25,000 inhabitants, which seems doubtful, and which we do not find it necessary to decide, the trial court was right in holding that the action of the county board was a ratification of the employment of these assistants by the county treasurer. It is a general rule that public officers may ratify such acts as they could have authorized, and we see no reason for refusing to apply that rule in this case. The record shows that the treasurer appeared before the county board and explained to them the work of the office, and that the members of the board knew what assistants were being employed and what services they were rendering, and that the action of the treasurer was within the provisions of the statute, and afterwards, after the services were rendered and the employees had been paid by the treasurer, the board approved of his actions, and we see no reason why the county should not be bound by this action of the board.

In this view of the law, the judgment of the district court is correct, and is

                                    Affirmed.